■ ANNA CASSIDY et al., Respondents, v COUNTY OF NASSAU et al., Appellants, and FRANKLIN J. CANNIZZARO, Respondent. — In a medical malpractice action, the appeal, as limited by appellants' brief, is from so much of an order of the Supreme Court, Nassau County (Smith, J.), dated January 20, 1981, as (1) granted the branch of plaintiffs' motion which sought a further examination before trial of defendant Richard Fox, (2) denied appellants' cross motion to dismiss the complaint and (3) dismissed the appellants' first and second affirmative defenses. Order affirmed insofar as appealed from, with $50 costs and disbursements to plaintiffs. The further examination before trial shall proceed at the place directed in the order under review, at a time to be fixed in

a written notice of not less than 10 days, to be given by plaintiffs, or at such other time and place as the parties may agree. Anna Cassidy (hereinafter plaintiff) was examined in March of 1975 at a clinic operated by defendant Nassau County Department of Health, where a tentative diagnosis of fibroid uterus was made. On April 2, 1975 plaintiff returned to the clinic, at which time she was seen by defendant Dr. Cannizzaro, who then arranged to have her admitted for the purpose of having a hysterectomy performed. On April 13, 1975 plaintiff was admitted to the Nassau County Medical Center. A "slide test" was administered to determine whether she was pregnant, but the results were reported to be negative. On April 15, 1975 a hysterectomy was performed by defendants Dr. Fox and Dr. Nathanson, resident surgeons at the Nassau County Medical Center. They were assisted by Dr. Cannizzaro. Thereafter, in a report prepared by the Pathology Department of the Medical Center, dated April 16, 1975, it was revealed that a viable fetus, in the third month, not a fibroid uterus, had been surgically removed from the plaintiff during the course of the hysterectomy. No one reported this finding to plaintiff and it was not discovered by her until her attorney received her medical record on November 28, 1977. Subsequently, on January 3, 1978, 36 days after receiving the report, plaintiff served a notice of claim upon the County Attorney's office. The action was commenced by the service of a summons on February 22, 1978. By their cross motion, the appellants moved to dismiss the complaint on the grounds that plaintiffs failed to serve a timely notice of claim and that the action was time barred (see General Municipal Law, §§ 50-e, 50-i; County Law, § 52). Special Term held that the appellants were equitably estopped from asserting these defenses because of the "[u]ndisputed failure of the Nassau County Medical Center, through its Pathology Department and other employees, to inform the plaintiff that a fetus rather than a fibroid uterus was removed from her". We affirm. By letter dated July 9, 1975, the attorney for the plaintiffs demanded that the defendant County of Nassau furnish him with a copy of the plaintiff's hospital record, which included the above-mentioned pathology report containing the essential information which, up to that time, was exclusively within the possession of the appellants. In response, by letter dated July 16, 1975, the Nassau County Medical Center stated that it was unable to locate the record and requested further information including the correct spelling of plaintiff's name, the date of treatment, her date of birth and the date of admission, in order to make a further search of its files. An examination of a copy of the hospital record herein reveals that plaintiff's preprinted, correctly spelled name and address is stamped on almost every page of her hospital record, which is the same as is set forth in counsel's letter. The appellants do not refute the assertion by plaintiffs' counsel that a statement of an outstanding bill was received about two years later; that the defendant county had refused to release the hospital records until the bill was paid; and that the medical benefit insurance carrier had assured plaintiffs' counsel that payment had been made. On this record we find that any delay on the part of plaintiffs in serving the notice of claim and in commencing this action was attributable solely to the acts and omissions of the county in failing to promptly furnish plaintiffs with the hospital record which contained the evidentiary matter upon which this action is based, and which, for a period of over two years following plaintiffs' request, was kept from their counsel's view, thereby impairing plaintiffs' ability to serve their notice of claim at an earlier time. Under the circumstances, the service of the notice of claim on January 3, 1978, pursuant to section 50-e of the General Municipal Law, was timely, and the commencement of this action on February 22, 1978 was also within the time limit mandated by section 50-i of the General Municipal Law. Here, unlike the situation which prevailed in *Bender v New York City Health &*

*Hosps. Corp.* (38 NY2d 662, 668), the record before us does present facts sufficient to enable a resolution of the issue presented. Special Term did not abuse its discretion by directing a further examination before trial of defendant Dr. Fox, since he was one of the physicians who performed the operation on the plaintff and was in possession of knowledge and facts concerning, *inter alia,* what he observed about her condition (see *Johnson v New York City Health & Hosps. Corp.,* 49 AD2d 234; see, also, *Glass v Rochester Gen. Hosp.,* 74 AD2d 732). The fact that Dr. Fox now lives in New Jersey is irrelevant since his reappearance is necessitated by his refusal, at the direction of counsel, to answer questions. Mangano, J. P, Gibbons, Cohalan and O'Connor, JJ., concur.