■ Leonard M. Distel, Sr., et al., Appellants, v County of Ulster, Respondent. — Appeal from an order of the Supreme Court at Special Term (Klein, J.), entered April 18, 1984 in Ulster County, which granted defendant's motion for summary judgment dismissing the complaint.

This action, commenced by relatives of the decedent, Francis X. Distel, involves a claim against defendant for emotional distress resulting from the alleged negligence of the Ulster County Medical Examiner in losing internal portions of the remains (i.e., portions of organs) of decedent.

Decedent was a passenger in an automobile which was involved in an accident on April 1, 1981. Following the accident, at approximately 6:30 P.M., decedent was taken to the Ellenville Community Hospital. Decedent expired at 9:25 P.M. that evening. Since the procedures of the medical examiner's office mandate that an autopsy be performed when death occurs less than 24 hours after arrival at a hospital and the cause of death is not readily apparent, the medical examiner's office was contacted on the evening of April 1, 1981. The autopsy was performed on April 2, 1981. When the autopsy was requested, the medical examiner's office also ordered that portions of decedent's inner organs be removed and toxicological tests be conducted on the same. Pursuant to this direction, the specimens were removed and decedent's body was returned to his family without a concomitant delay in funeral arrangements.

Several months after the autopsy was performed, plaintiffs attempted to ascertain the results of the autopsy. They were informed that the report was pending. However, in a letter dated April 5, 1982, plaintiffs were informed by Dr. Harry C. McNamara, Chief Medical Examiner of Ulster County, that there was no record concerning decedent's internal specimens, nor was there a report concerning same. Consequently, on May 19, 1982, plaintiffs commenced a CPLR article 78 proceeding seeking an order directing the medical examiner to produce said specimens or give a satisfactory explanation as to their location. McNamara cross-moved for dismissal, providing an affidavit dated June 2, 1982 which stated that his office had no knowledge of where the specimens were located, could not provide any further information concerning the items and, thus, could not produce them. By order dated September 18, 1982, McNamara's cross motion was denied and McNamara was directed to answer the petition.

A notice of claim for the subject action was filed on December 3, 1982. A complaint was then served on January 10, 1983. On November 11, 1983, defendant moved for summary judgment and Special Term granted this motion, finding, *inter alia*, that plaintiffs failed to timely serve a notice of claim. This appeal ensued.

Specifically, Special Term determined that the affidavit by McNamara, dated June 2, 1982 and apparently served on plaintiffs that same date, afforded plaintiffs sufficient notice to cut off the tolling of the statute (General Municipal Law, § 50-e) and thereby commenced the initiation of the 90-day notice requirement under section 50-e of the General Municipal Law. Consequently, it was held that plaintiffs' notice of claim filed December 3, 1982 was untimely. We agree.

The requirements of section 50-e of the General Municipal Law may have been tolled by the failure of defendant to inform plaintiffs regarding the fact that portions of decedent's remains had been lost (cf. *Cassidy v County of Nassau,* 84 AD2d 742, 743). However, as Special Term aptly observed, once plaintiffs received that information, it was incumbent upon them to comply with the notice of claim provisions contained in section 50-e of the General Municipal Law (cf. *Matter of Wemett v County of Onondaga,* 64 AD2d 1025). And, we note that plaintiffs never requested permission to serve a late notice of claim (see *Hochberg v City of New York,* 99 AD2d 1028, 1029, affd 63 NY2d 665). Finally, under the facts of this case, we reject plaintiffs' argument that their CPLR article 78 petition satisfies the notice of claim requirements. The order must, therefore, be affirmed.

Order affirmed, without costs. Kane, Casey and Levine, JJ., concur.

Mahoney, P. J., and Main, J., concur in the following memorandum by Mahoney, P. J. Mahoney, P. J. (concurring). In our view, the facts of this case may well support an equitable estoppel against defendant (see *Cassidy v County of Nassau,* 84 AD2d 742). However, the complaint was correctly dismissed since plaintiffs did not properly raise this issue. An equitable estoppel may be asserted either by serving an amended complaint setting forth facts sufficient to excuse the late filing of the notice of claim or by moving for permission to file a notice of claim *nunc pro tunc,* though the Court of Appeals has suggested that the latter procedure is more appropriate (*Bender v New York City Health & Hosps. Corp.,* 38 NY2d 662, 668). In the instant case, defendant promptly raised the time limitations set forth in sections 50-e and 50-i of the General Municipal Law in its answer served in January of 1983. However, plaintiffs neither served an amended complaint nor moved for permission to file a notice of claim *nunc pro tunc.* The first time plaintiffs raised the issue of equitable estoppel was in opposition to defendant's motion for summary judgment, which was made in November of 1983. Thus, plaintiffs should be deemed to have waived this issue.