OPINION OF THE COURT
 

 Memokandum.
 

 The judgment of the Appellate Division should be affirmed, with costs.
 

 On February 26, 1984, William Oakes (a murder suspect) confessed to police and was then transported to the Jefferson County jail by Investigator Robert Cooke and Detective Edward Simser. At his trial several months later, Oakes testified that Cooke and Simser had beaten and abused him during the trip, including firing a gun near his head and threatening him with it, in an effort to locate evidence. As a result of this testimony, the District Attorney questioned groups of officers about the incident, among them petitioners, but no one supported Oakes’ version of the incident. According to the District Attorney, his cross-examination of Oakes was based on
 
 *992
 
 these interviews indicating that Oakes was lying.
 
 *
 
 Through all of this, petitioners disclosed no knowledge of the incident either to the District Attorney or to their own superior officers in the course of their office communications about the incident. After a mistrial, in October 1985 Oakes was retried and convicted of murder.
 

 Roughly two years after the incident — on January 24, 1986 —Steyer prepared a sworn statement relating (1) that Simser told him on February 27, 1984 about the "night of terror” when he and Cooke "scared the hell out of Oakes” in an effort to strengthen the case, including discharging a gun three times near his ear, pointing it at him and threatening to shoot, and roughing him up, and (2) that during a break while both attended Oakes’ trial, Cooke told him of the shooting and the beating. On April 7, 1986, Steyer gave the affidavit to Acting Sheriff Franklyn Cowing, when he learned that Cowing was considering promoting Simser to the position of undersheriff. Cowing notified the District Attorney and County Attorney of the affidavit, and an investigation commenced. After investigators questioned Burns about the incident, on April 17, 1986 he executed an affidavit stating that on February 27, 1984, both Simser and Cooke told him of the shooting and beating; Burns’ affidavit contained many of the same details as Steyer’s affidavit.
 

 One month later, on May 23, 1986, the Sheriff preferred disciplinary charges against both petitioners. Each was charged with one specification of failing- Lo. report knowledge of crimes by a fellow officer and one specification of failing to report knowledge of crimes; petitioners were found guilty of both. Although the Hearing Officer recommended demotion, the Sheriff determined that petitioners should be removed. By the present article 78 proceeding petitioners challenged their dismissals principally on the ground that the 18-month limitations period of Civil Service Law § 75 (4) precluded any disciplinary proceedings against them. The Appellate Division confirmed the administrative determination, concluding that the "continuous nature of petitioners’ misconduct * * * prevented the statutory period from running” (129 AD2d 994). We affirm, but on a different ground.
 

 On this record, petitioners are estopped from asserting the Statute of Limitations to bar the disciplinary proceedings.
 
 *993
 
 This doctrine — rooted in the principle that one may not take advantage of one’s own wrongdoing — operates to bar a party from asserting the Statute of Limitations when that party’s own wrongful concealment has engendered the delay in prosecution
 
 (see, e.g., Simcuski v Saeli,
 
 44 NY2d 442, 448-449;
 
 General Stencils v Chiappa,
 
 18 NY2d 125;
 
 Jordan v Ford Motor Co.,
 
 73 AD2d 422, 424;
 
 Erbe v Lincoln Rochester Trust Co.,
 
 13 AD2d 211,
 
 rearg and lv denied
 
 14 AD2d 509,
 
 appeal dismissed
 
 11 NY2d 754;
 
 see also,
 
 1 Weinstein-Korn-Miller, NY Civ Prac 201.13). Here, petitioners remained silent about asserted criminal conduct and concealed their own wrongdoing by failing to respond when the District Attorney attempted specifically to elicit the facts from them about an incident pertinent to an ongoing murder trial. Given the respective parties’ positions and special relationships, it is apparent that petitioners’ concealment prevented filing of the disciplinary charges within the 18-month statutory period. The charges were lodged promptly after their disclosures.
 

 Petitioners’ remaining contentions are all without merit. There was sufficient evidence to support the Hearing Officer’s findings — petitioners’ own sworn statements constituted substantial evidence. The imposed penalty of removal was not unconscionably harsh
 
 (see, Matter of Pell v Board of Educ.,
 
 34 NY2d 222).
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
 

 Judgment affirmed, with costs, in a memorandum.
 

 *
 

 Oakes was indicted for perjury; those charges were dismissed.