OPINION OF THE COURT
William H. Keniry, J.
This action is but one of the latest chapters arising from the alleged conversion or misappropriation of funds by Eugene Cirillo while he was employed by the Rensselaer County Sheriff’s Department.*
In 1987 plaintiff Memorial Hospital entered a judgment in the amount of $352.48 against one "George E. Pierce”. In June 1987, Memorial as a judgment creditor issued and delivered an income execution to the Sheriff of Rensselaer County. A levy was thereupon made upon Pierce’s employer. Payments were then made directly by the employer to the office of the Rensselaer County Sheriff. Memorial received $158.83 from the Sheriff on October 7, 1987. The employer continued to deduct moneys from the debtor’s wages in compliance with the execution and continued to forward said payments to the office of the Rensselaer County Sheriff. After the first payment to Memorial, Cirillo notified Memorial’s attorney that the debtor was no longer employed and Cirillo thereafter returned the execution as partially unsatisfied. When Cirillo’s defalcations became public knowledge, Memorial and its attorneys reviewed all executions processed through the Rensselaer County Sheriff’s Department.
In June 1990 Memorial first learned that its income execution against George E. Pierce had been fully satisfied by the *129 employer’s remittals to the Sheriff’s Department but that $167.34 had not been forwarded to Memorial. This sum apparently was included within the moneys embezzled by Cirillo. Memorial thereafter filed two notices of claim against the defendants in August and September 1990. This action to recover the balance due under the execution was commenced in January 1991.
Plaintiff’s complaint alleges three causes of action. The first is directed against Sheriff William Warren McGreevy and alleges that Sheriff McGreevy was negligent in failing to properly and adequately supervise his employees, particularly Cirillo, and that such negligence resulted in the loss to plaintiff of the sums collected pursuant to the income execution. The second cause of action is against defendant Eugene Cirillo in which plaintiff alleges that Cirillo converted money legally due and owing to plaintiff. The third cause of action is against the County of Rensselaer in which plaintiff alleges that the county is indebted to plaintiff in the sum of $167.34 under the terms of a certain fidelity bond that had been issued to the county to cover the acts of employees such as Eugene Cirillo.
Defendants McGreevy and County of Rensselaer answered the plaintiff’s complaint. In their answer, the defendants deny the material allegations of plaintiff’s causes of action and have asserted two affirmative defenses. The first is that the plaintiff failed to serve and file a proper and timely notice of claim and the second is the action is barred by the applicable Statute of Limitations. Defendant Cirillo has not answered the plaintiff’s complaint and is in default.
There are two motions pending before the court. The plaintiff moves for an order, pursuant to CPLR 3025 (b), to amend its complaint and for an order dismissing the defendants’ first and second affirmative defenses.
The defendants McGreevy and County of Rensselaer cross-move for an order dismissing the plaintiff’s complaint on the ground that the action was untimely commenced and that the Statute of Limitations has expired or, in the alternative, granting summary judgment dismissing the plaintiff’s complaint.
The court must decide the threshold issue of when the plaintiff’s cause of action accrued. Plaintiff contends that it accrued on the date that Memorial first discovered that it was injured, i.e., the date that it first learned that money collected by the Rensselaer County Sheriff’s Department pursuant to an *130 income execution issued by it was wrongfully appropriated and diverted. Plaintiff contends that it filed its notice of claim within 90 days of the date such claim arose and that its action was subsequently timely commenced.
Defendants Sheriff and County of Rensselaer contend that plaintiff’s claim arose at the time that Eugene Cirillo converted money collected under the execution to his own benefit. Defendants claim that plaintiff’s cause of action accrued no later than April 19, 1989, the date that Cirillo resigned, and that plaintiff’s notice of claim and commencement of the subsequent action were clearly untimely as a matter of law.
General Municipal Law § 50-e (1) (a) provides that, in any case founded upon tort, a notice of claim must be filed against a public corporation "within ninety days after the claim arises”. General Municipal Law § 50-i (1) (c) provides that any action against a county must be commenced "within one year and ninety days after the happening of the event upon which the claim is based”. CPLR 215 (1) provides for a one-year Statute of Limitations for most actions against a Sheriff while CPLR 214 provides a three-year Statute of Limitations for an action against a Sheriff for the nonpayment of money collected upon an execution.
The general rule is that, except in cases involving fraud, a cause of action accrues and a claim arises when a plaintiff’s personal or property rights are invaded and that a plaintiff’s lack of knowledge of the wrong does not toll the running of the limitations period (Guild v Hopkins, 271 App Div 234, affd 297 NY 477). The Statute of Limitations for conversion begins to run when the conversion occurs even though the plaintiff may have been unaware of the occurrence (Two Clinton Sq. Corp. v Friedler, 91 AD2d 1193).
Plaintiff contends that, although the actual conversion of its property by Cirillo occurred sometime before April 19, 1989, there is precedent supporting its position that the requirements of General Municipal Law § 50-e were tolled until it discovered that it was injured by Cirillo’s actions (see, Distel v County of Ulster, 107 AD2d 994; Cassidy v County of Nassau, 84 AD2d 742; Cacucciolo v City of New York, 127 Misc 2d 513; Damico v Onondaga County Water Auth., 36 Misc 2d 158). In Pierson v City of New York (56 NY2d 950, 956), the Court of Appeals held that the statutory period for filing a notice of claim was not dependent upon when the owner of a building discovered that the city had demolished it but in so holding *131 noted that "Demolishing a building located on a city street cannot be fairly characterized as a surreptitious act akin to embezzlement”.
In this case, defendant Cirillo, in his capacity as an employee of the Rensselaer County Sheriffs Department, returned the income execution to plaintiffs attorney partially unsatisfied and informed plaintiffs attorney that the debtor was no longer employed by the garnishee. As it turns out, Cirillo’s notice was untrue and was part of an intentional effort to cover up his defalcations. It was a false representation and was intended to mislead the plaintiff and the plaintiffs attorneys.
Plaintiff contends that after word of Cirillo’s conduct was made public it began a search which in June 1990 uncovered the true fact that the garnishee had indeed paid additional money to the Sheriff which was never turned over to it.
The court holds that, under the particular circumstances of this case, the plaintiffs claim arose when it learned that the representations made to it about the status of its income execution were false. Accordingly and inasmuch as two notices of claim were undisputedly filed within 90 days of such discovery and the action commenced within one year thereof, the first and second affirmative defenses are without merit.
The plaintiffs motion to dismiss the first and second affirmative defenses in defendants’ answer is granted without costs and the defendants’ cross motion to dismiss the plaintiffs action on the ground that it was untimely commenced is denied without costs.
The court notes that the defendants have not opposed plaintiffs motion seeking leave to serve an amended complaint. Accordingly, said motion is granted without costs.
The court must now address the defendants’ motion seeking summary judgment. Defendant McGreevy submits an affidavit in which he states that he was "never involved in the direct review of defendant Cirillo in his County employment, and my duties do not include such responsibilities” and that he had "no responsibility for such an intentional act by a subordinate”. The plaintiffs first cause of action alleges that defendant McGreevy was negligent in failing to "adequately and properly supervise his department representatives”. The defendant McGreevy’s affidavit is conclusory and self-serving. CPLR 5231 (k) provides that "It shall be the duty of the sheriff to * * * account for and pay over to the person entitled *132 thereto all monies collected” pursuant to an income execution. Thus, defendant McGreevy has a specific statutory responsibility to account for the conduct of his subordinates in this area.
There are triable material issues of fact which preclude summary judgment in defendant McGreevy’s favor on the first cause of action. Accordingly, his motion is denied, without costs.
Defendant County of Rensselaer contends that it is entitled to summary judgment on the ground that it has no obligation to indemnify employees for their intentional wrongdoings relying upon Public Officers Law § 18 (4) and Local Laws, 1983, No. 5 of the County of Rensselaer, as amended. The county contends that it cannot be held liable for Cirillo’s intentional conversion of plaintiffs property.
The third cause of action of plaintiffs complaint is somewhat confusing. It alleges that because the County of Rensselaer was the named insured under a certain policy of insurance, the proceeds of which were allegedly paid to the county, the county thereafter became indebted to the plaintiff for $167.34, the amount which Cirillo allegedly converted.
The court finds no legal basis to hold the defendant county liable to the plaintiff on this theory. The county is not liable for the alleged conversion of Cirillo (see, Nichols v County of Rensselaer, 129 AD2d 167, affg 132 Misc 2d 489). Likewise, as plaintiff concedes, the county is not responsible for the acts of the Sheriff (NY Const, art XIII, § 13 [a]). The court finds no authority, nor does plaintiff provide any authority, for the proposition that the county became indebted to plaintiff because it received the proceeds of an insurance policy as the named insured.
The defendant county’s motion for summary judgment is granted and the plaintiffs complaint is dismissed as against the county without costs.

 Cirillo was employed by the Sheriff’s Department as a senior account clerk for several years resigning on April 19, 1989. Cirillo was responsible for processing income executions filed with the Rensselaer County Sheriff including the collection and disbursement of moneys collected thereunder to judgment creditors. After Cirillo left his position, irregularities were discovered concerning income executions handled by Cirillo. An investigation and audit were conducted and criminal charges were thereafter lodged against Cirillo. Cirillo subsequently pleaded guilty to certain charges and was thereafter sentenced to a prison term and directed to make restitution.