■ MOHAMMED KAMRUDDIN, Respondent, v RICHARD W. DESMOND et al., Defendants, and SANJIV CHOPRA et al., Appellants. [741 NYS2d 559] —In an action to recover damages for medical malpractice and lack of informed consent, the defendants Sanjiv Chopra and Steinway Medical appeal from (1) a decision of the Supreme Court, Queens County (Posner, J.), dated June 22, 2000, and (2) an order of the same court, dated June 22, 2000, which, after a hearing, denied their cross motion to dismiss the complaint insofar as asserted against them as time barred and granted the plaintiff's motion to dismiss their first and second affirmative defenses which were based on the statute of limitations under CPLR 214-a.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v Green Constr. Corp., 100 AD2d 509); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

In the instant action to recover damages for medical malpractice and lack of informed consent, the plaintiff claims that the appellants improperly treated him with steroids, allegedly resulting in bilateral vascular necrosis of both hips, requiring bilateral hip replacement surgery in October 1996, when he was 25 years old. The course of treatment allegedly occurred from 1994 through October 3, 1995.

Starting in June 1997, the plaintiff demanded copies of his medical records from the appellants, by signed and notarized authorizations. His requests went unanswered until the plaintiff sought court intervention. In February 1998, the appellants were served with an order to show cause in a special proceeding to compel production of the records. The records were ultimately produced on April 3, 1998, the last date before expiration of the statute of limitations. The instant action was commenced in May 1998.

The Supreme Court, after a hearing, determined that the appellants' delay in producing the records constituted intentional misconduct, which precluded the plaintiff from timely commencing the instant action. Based upon that finding, the Supreme Court found that the appellants were equitably estopped from pleading the statute of limitations as an affir-

mative defense (*see Matter of Steyer,* 70 NY2d 990; *Simcuski v Saeli,* 44 NY2d 442; *Arbutina v Bahuleyan,* 75 AD2d 84). We affirm.

The principle that the appellants' intentional wrongdoing should preclude them from asserting the statute of limitations as an affirmative defense derives from the corollary principle, deeply rooted in our jurisprudence, that no one may take advantage of his or her own wrong (*see Matter of Steyer, supra* at 993; *General Stencils v Chiappa,* 18 NY2d 125, 126-127). Where a medical malpractice claim is asserted, the patient's medical records are material to reaching a responsible decision on whether there is grounds for a lawsuit (*see Arbutina v Bahuleyan, supra* at 86).

The dissent acknowledges that the appellants' conduct was "highly questionable." However, the dissent asserts that in order for equitable estoppel to apply, the plaintiff must assert in the complaint fraudulent concealment of the malpractice and justifiable reliance which prevented the plaintiff from discovering the malpractice. In the instant case, the plaintiff was aware that he may have a cause of action sounding in medical malpractice: that awareness caused him to seek the advice of an attorney, and demand a copy of his medical records in the first instance.

However, equitable estoppel may arise where there is an unreasonable delay in delivering records to an attorney consulted in a suspected case of malpractice (*see Arbutina v Bahuleyan, supra* at 87; *Storey v Sum,* 151 AD2d 991, 992-993). The fact that a claim is under investigation despite the intentional concealment does not preclude application of the doctrine of equitable estoppel (*see Matter of Steyer, supra*). The determinative factor is whether there is purposeful concealment (*see Simcuski v Saeli, supra; Chesrow v Galiani,* 234 AD2d 9; *Storey v Sum, supra* at 993).

The dissent asserts that the plaintiff could have commenced an action sounding in medical malpractice, without examining his records, without consulting an expert as to the merits of his claim, and without submitting a certificate of merit pursuant to CPLR 3012-a, on the ground that medical records were requested but not yet produced (*see* CPLR 3012-a [d]). The dissent further asserts that the plaintiff could have commenced the action without service of a complaint, and then asked the court, in its discretion, to extend the time to serve the complaint pursuant to CPLR 3012 (d). However, the dissent acknowledges that the plaintiff's commencement of the action would have to be based upon a "good faith belief as to the legit-

imacy of his claim." (At 717.) Indeed, the plaintiff's counsel could have been subject to sanctions pursuant to 22 NYCRR 130-1.1 (a) for asserting a frivolous claim. 22 NYCRR 130-1.1-a (b) provides that "[b]y signing a paper, an attorney or party certifies that, to the best of that person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the paper or the contentions therein are not frivolous."

The appellants were in a position to know what was in the plaintiff's medical records, and that those records indicated that there was a good faith basis for commencement of the action. However, the plaintiff's attorney did not have the benefit of such hindsight. To impose an obligation on the plaintiff to blindly proceed in face of intentional concealment would allow the wrongdoer to chart the course of the proceedings, and ultimately to profit from his or her own wrongdoing.

The appellants' remaining contention is without merit. Krausman, Goldstein and Friedmann, JJ., concur.

Smith, J., concurs in part and dissents in part, and votes to dismiss the appeal from the decision dated June 22, 2000, and to reverse the order dated June 22, 2000, deny the motion, grant the cross motion, and dismiss the complaint insofar as asserted against the appellants, with the following memorandum, in which Santucci, J.P., concurs. The key element of the subject appeal is whether the appellants' attorney's failure to comply with the plaintiff's request for his medical records prevented the plaintiff from commencing this action in a timely manner. I respectfully disagree with my colleagues in the majority, and conclude that the appellants' alleged dilatory actions did not excuse the plaintiff from filing this action within the time prescribed in CPLR 214-a, and vote to reverse the order of the Supreme Court and dismiss this complaint.

Initially, it is correct that equitable estoppel may be applied to extend the period under the statute of limitations in medical malpractice cases, particularly when the medical professional lied to conceal the malpractice (see Simcuski v Saeli, 44 NY2d 442; Cassidy v County of Nassau, 84 AD2d 742). However, it must be shown that the offending party's conduct effectively prevented the plaintiff from bringing a timely action in order for the doctrine to apply (see Gleason v Spota, 194 AD2d 764; McIvor v Di Benedetto, 121 AD2d 519; see generally General Stencils v Chiappa, 18 NY2d 125).

In the present case, the plaintiff was aware of the substance of his malpractice claim, and the appellants' conduct did not serve to hide the prior act of malpractice. Rather, the plaintiff's

contention is that he failed to file a timely complaint because he could not submit a certificate of merit without the medical records he sought. This argument is unpersuasive. CPLR 3012-a does require that a certificate of merit accompany a complaint in a medical malpractice action. Nevertheless, the CPLR recognizes and anticipates the situation presented in the present case. Under CPLR 3012-a (d), "If a request by the plaintiff for the records of the plaintiff's medical or dental treatment by the defendants has been made and such records have not been produced, the plaintiff shall not be required to serve the certificate required by this section until ninety days after such records have been produced."

Clearly, the plaintiff here could have filed this action based upon a good faith belief as to the legitimacy of his claim and specifically evoked CPLR 3012-a (d) affirming that he was still waiting for the production of his medical records for the purpose of submitting a certificate of merit. Further, dismissal of the action would not be the sanction for the failure to file a certificate of merit pursuant to CPLR 3012-a (see Casiano v New York Hosp. Cornell Med. Ctr., 169 AD2d 806; Kolb v Strogh, 158 AD2d 15; see also Rice v Vandenebossche, 185 AD2d 336).

Additionally, the plaintiff could have sought an extension of time to file his action pursuant to CPLR 3012. Under CPLR 3012 (d), the plaintiff could have petitioned the court for an extension of time in which to serve the pleading. He could have rationally argued that his reasonable excuse for not filing his complaint was a good faith belief that he needed full discovery in order to file a legitimate certificate of merit (see generally Schiraldi v Brooklyn Cumberland Hosp., 70 AD2d 911).

Lastly, it has been determined that in order to invoke equitable estoppel in medical malpractice cases for the purpose of denying the defendant the use of the affirmative defense of the statute of limitations, the complaint must assert an accusation of fraudulent concealment of the malpractice (see Immediate v St. John's Queens Hosp., 48 NY2d 671) and justifiable reliance upon the defendant's intentional misrepresentation which prevented the plaintiff from discovering the malpractice (see Simcuski v Saeli, supra; Krol v Valone, 80 AD2d 997). Here, there is nothing in the record which demonstrated that the plaintiff made such an accusation in his complaint. Therefore, the appellants cannot be precluded from pleading the statute of limitations as an affirmative defense.

Although the appellants' conduct regarding the disclosure of the plaintiff's medical records is highly questionable, the

plaintiff failed to take advantage of any of the procedural safeguards which were statutorily made available to him pursuant to the CPLR. His lack of action prevented the tolling of the statute of limitations found in CPLR 214-a. Accordingly, the time to have filed the complaint in the present case had expired and I would reverse the order of the Supreme Court and dismiss this complaint.