■ In the Matter of BRIAN WECKER, Respondent, v ROSEMARIE D'AMBROSIO, Also Known as ROSEMARIE HEMBURY, Appellant. [773 NYS2d 891]—

In a proceeding pursuant to Family Court Act article 6 to modify the custody provisions of a judgment of divorce, the mother appeals from so much of an order of the Family Court, Suffolk County (Lynaugh, J.), entered October 3, 2002, as granted the petition and awarded the father custody of the parties' son.

Ordered that the order is affirmed insofar as appealed from, with costs; and it is further,

Ordered that on the Court's own motion, the parties and/or their respective counsel are directed to show cause why an order should or should not be made and entered imposing such sanctions and/or costs if any against the mother and/or her

counsel pursuant to 22 NYCRR 130-1.1 (c) as this Court may deem appropriate, by filing affidavits or affirmations on that issue in the office of the clerk of this Court and serving one copy of the same on each other on or before May 6, 2004; and it is further,

Ordered that the clerk of this Court, or his designee, is directed to serve counsel for the respective parties with a copy of this decision and order by regular mail.

It is axiomatic that custody determinations are to be made upon consideration of all relevant circumstances to reach the disposition that promotes the best interests of the child (*see* Domestic Relations Law § 70 [a]; *Eschbach v Eschbach,* 56 NY2d 167, 171 [1982]). The analysis of the various factors to be taken into account in deciding a custody question is best made by the hearing court, which is in the most advantageous position to evaluate the testimony, character, and sincerity of the parties (*see Matter of Louise E.S. v W. Stephen S.,* 64 NY2d 946 [1985]; *Barbato v Barbato,* 264 AD2d 792 [1999]). Its determination will not be disturbed unless it lacks a sound and substantial basis in the record (*see Eschbach v Eschbach, supra; Barbato v Barbato, supra*). In this case, the record amply supports the Family Court's conclusion that a change in custody would serve the best interests of the child.

Conduct during a litigation, including on an appeal, is frivolous and subject to sanction and/or the award of costs when it is completely without merit in law or fact and cannot be supported by a reasonable argument for the extension, modification, or reversal of existing law; it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another, or it asserts material factual statements that are false (*see* 22 NYCRR 130-1.1). At the least, it must have a good faith basis (*see Kamruddin v Desmond,* 293 AD2d 714 [2002]; *see also* 22 NYCRR 130-1.1a [b]; *Matter of Laing v Laing,* 261 AD2d 622 [1999]; *Levy v Carol Mgt. Corp.,* 260 AD2d 27 [1999]). Here, we direct the parties and/or their respective counsel to submit papers to this Court addressing whether the content of and manner in which this appeal was prosecuted by the mother and/or her counsel should be found frivolous within the meaning of 22 NYCRR 130-1.1, and if so, whether sanctions should be imposed and/or costs awarded the father, including legal fees incurred in defending this appeal (*see generally Pahl Equip. Corp. v Kassis,* 182 AD2d 22 [1992]; *Jones v Camar Realty Corp.,* 167 AD2d 285 [1990], *appeal dismissed* 77 NY2d 939 [1991], *cert denied* 502 US 940 [1991]).

For example, in the mother's brief on appeal, counsel, inter

alia, seeks to impugn the father's suitability as a custodial parent by variously describing him as a "misfit" (appellant's brief at 21, 22, 24, 32), a "miscreant" (*id.* at 22, 23), a "lazy lout" (*id.* at 41), and a "psychopath" (*id.* at 26, 32). Further, based upon the father's testimony that he did not maintain a checking account for his jewelry business, counsel opines that the father is a criminal engaged in the fencing of stolen jewelry (*id.* at 2-3, 9-10, 10-11, 29, 31, 40). Counsel also suggests that the father "paid [the forensic psychologist] for [a] biased report" (*id.* at 39); the forensic psychologist testified that the father was the preferable custodian. Concerning the Family Court judge who presided over this matter, counsel asserts that "no judge in her right mind" (*id.* at 2, 5, 24, 33) would have awarded custody to the father, and opines that the court's "laughable" and "irrational" (*id.* at 43-44) decision may have "resulted from corruption" (*id.* at 44). If a good faith basis is claimed for any or all of these, or any other statements and arguments advanced on appeal, it should be set forth in the submissions to this Court. Ritter, J.P., S. Miller, Luciano and H. Miller, JJ., concur.