10-4134-cv
Singh v. Wells

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of October, two thousand eleven.

Present:       ROSEMARY S. POOLER,
               BARRINGTON D. PARKER, JR.,
               DENNY CHIN,
                         *Circuit Judges*.
_____

IQBAL SINGH, IMS, P.C.,

                              *Plaintiffs-Appellants*,


               -v-                                      10-4134-cv


RUSSELL G. WELLS, JAMES SHERMAN, JOHN PARIS,
JAMES KARDAS, COLONEL BERNARD THOMAS,
COLONEL RANDALL INOUYE, LIEUTENANT COLONEL
RALPH GRAVES, CHRISTINA CORREALE, PATRICIA
HUBER, COLONEL ROBERT BROWN, SHERRI
ANDERSON-HUDGINS,

                              *Defendants-Appellees*.

_____


Appearing for Appellants:       Adam Huntsman Van Buskirk, Aurora, N.Y.

Appearing for Appellees:        Paula Ryan Conan, Assistant United States Attorney (of
                                counsel), *for* Richard S. Hartunian, United States Attorney
                                for the Northern District of New York, Syracuse, N.Y.

Appeal from the United States District Court for the Northern District of New York (McAvoy, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiffs-Appellants Singh and IMS, P.C., ("plaintiffs") appeal from the district court's judgment granting Defendants-Appellees' ("defendants") motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss the action as time-barred.

We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Plaintiffs filed an amended complaint in the Northern District of New York on August 19, 2009. The complaint alleged discrimination claims under the Fifth Amendment, pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971); 42 U.S.C. § 1981; Title VI, 42 U.S.C. § 2000d; and New York Executive Law § 291. Underlying each claim was the allegation that, between 1994 and 1997, defendants terminated or procured the termination of IMS's government contracts under the Small Business Administration's ("SBA") Section 8(a) set-aside program based upon the racial and ethnic origin of Singh and the employees of IMS, or their perceived alienage.

Defendants moved to dismiss the action under Federal Rules of Civil Procedure 12(b)(1) and12(b)(6), and for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), arguing that the action was time-barred, the doctrine of laches applied, and the Army Corps of Engineers was the proper defendant. Defendants attached two exhibits to the motion: (1) an Army Corps of Engineers Audit Letter dated February 2, 1998, ("Audit Letter") developed in response to a meeting between "IMS President [and] the Commanding General presenting certain facts to document discrimination within the USACE contract award procedures;" and (2) a copy of IMS's May 2007 Federal Court of Claims complaint ("Court of Claims complaint"), which alleged, inter alia, that "racial prejudice [was] believed to have played a role in the inability of IMS to get work."

Plaintiffs first contend that the district court improperly relied on matters outside the pleadings in dismissing the action. In adjudicating a motion to dismiss, a court may consider only the complaint, written instruments attached to the complaint as exhibits, statements or documents incorporated by reference, and documents on which the complaint heavily relies, *see Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002), but "matters judicially noticed by the district court are not considered matters outside the pleadings," *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 426 (2d Cir. 2008).

"[W]hen matters outside the pleadings are presented in response to a 12(b)(6) motion, a district court must either exclude the additional material and decide the motion on the complaint alone *or* convert the motion to one for summary judgment under Fed. R. Civ. P. 56 and afford all parties the opportunity to present supporting material." *Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000) (alteration in original) (emphasis added) (internal quotation marks omitted). Here, the district court expressly did the former and decided the motion on the complaint alone.

2

In its decision, the district court described the Audit Letter submitted by defendants, but the court expressly stated that it would not consider it "because this letter is outside the pleadings." The court then analyzed the facts alleged in plaintiffs' amended complaint, citing no facts other than the allegations in the complaint and referring to no document outside the complaint except the Court of Claims complaint, of which it properly took judicial notice. *See Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000) (taking judicial notice of pleading in another lawsuit).

The mere submission of an affidavit or exhibit "does not without more establish that conversion is required," *Amaker v. Weiner,* 179 F.3d 48, 50 (2d Cir. 1999), and our precedent does not support plaintiffs' assertion that the court's reference to the Audit Letter alone "at least 'raises the possibility' that [the court] improperly relied on matters outside the pleading in granting the defendant[s'] Rule 12(b) motion,'" Appellants' Br. 29 (quoting *Friedl*, 210 F.3d at 84).

As to whether the court properly concluded the action was untimely, we review de novo a district court's ruling on a motion to dismiss. *See, e.g.*, *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009). We accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiffs' favor, *see, e.g.*, *City of Pontiac Gen. Emp. Ret. Sys. v. MBIA, Inc.*, 637 F.3d 169, 173 (2d Cir. 2011), but "a complaint must plead enough facts to state a claim for relief that is plausible on its face," *Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)) (internal quotation mark omitted). If any issue of genuine material fact regarding *Bivens* claim accrual exists, it must be reserved for trial. *See, e.g.*, *Grancio v. De Vecchio*, 572 F. Supp. 2d 299, 307 (E.D.N.Y. 2008). A lower court may resolve the question of claim accrual on a motion to dismiss only if the issue can be resolved on the pleadings.

All parties agree that New York law supplied the limitations period for these claims and that the limitations period was three years. *See Kronisch v. United States*, 150 F.3d 112, 123 (2d Cir. 1998) (*Bivens* claims); *Tadros v. Coleman*, 898 F.2d 10, 12 (2d Cir. 1990) (Section 1981 claims); *Morse v. Univ. of Vt.*, 973 F.2d 122, 125 (2d Cir. 1992) (Title VI claims). Although plaintiffs assert three distinct federal claims, each would accrue at the same time, as all claims are based on the same alleged wrongful and discriminatory termination of the same contracts. The parties disagree as to when the claims accrued and, if the claims are otherwise time-barred, whether equitable tolling was warranted.

"While state law supplies the statute of limitations period, federal law determines when a federal claim accrues." *Kronisch*, 150 F.3d at 123 (internal quotation marks omitted). Under the federal "discovery" rule, a cause of action accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002) (internal quotation marks omitted); *see also Morse*, 973 F.2d at 125.

Drawing on Supreme Court precedent, we have held that a discrimination claim accrues "from the date the claimant receives notice of the allegedly discriminatory decision." *Morse*,

973 F.2d at 125 (internal quotation marks omitted). Discussing a discrimination claim under the Age Discrimination in Employment Act, we held that the limitations period commences upon "the discriminatory act and [is] not tolled or delayed pending the employee's realization that the conduct was discriminatory unless [he] was actively misled by his employer," or if one of the equitable tolling doctrines, discussed *infra*, applies. *Miller v. Int'l Tel. & Tel. Corp.*, 755 F.2d 20, 23 (2d Cir. 1985).

Plaintiffs agree that the three-year statute of limitations should "obviously run from the Plaintiff[s'] discovery of the discriminatory conduct." Appellants' Br. 31. They contend, however, that they did not discover the discriminatory conduct until they received the "first actionable evidence of discrimination" in 2008. *Id.* at 26. Plaintiffs ask this Court to hold that their claims therefore did not accrue until 2008 when they received "nearly all direct and documentary evidence of discrimination." *Id.* at 29.

Here, the amended complaint establishes that plaintiffs knew of the contract terminations and had reason to suspect the terminations were discriminatory as early as 1997. The amended complaint indicates that plaintiffs were aware that defendants terminated their contracts despite having received "excellent" ratings on other projects; they knew that defendants did not allow them to proceed on Contract 0004 and instead awarded the same work to another firm; and they knew that defendants refused to award additional work to IMS on other projects, including the Seneca Army Depot project in 1995. Furthermore, the amended complaint alleges that, sometime in or around 1997, Defendant Correale told an IMS employee that "IMS should send a white person to solicit work from the Corps, due to racial prejudice." We also note, as did the district court, that the Court of Claims complaint indicates that as early as 2007, IMS alleged that "racial prejudice is believed to have played a role in" its inability to get work and that defendants' "discriminatory practices" caused damage to IMS.

Under the discovery rule, "a claim will accrue when the plaintiff knows, or should know, enough of the critical facts of injury and causation to protect himself by seeking legal advice." *See Kronisch*, 150 F.3d at 121 (quoting *Guccione v. United States*, 670 F. Supp. 527, 536 (S.D.N.Y. 1987)). Moreover, "[a] plaintiff need not have compelling proof of the validity of his claim in order for his claim to accrue." *Id.* at 123 n.6.

Taking plaintiffs' allegations as true, it is implausible that they did not have enough knowledge of "the critical facts of injury and causation" for the causes of action to accrue by 1997, and they have not alleged any attempt to thwart investigation of their claims prior to 2008.

Plaintiffs argue in the alternative that, though the limitations period on their claims may have run, they are entitled to equitable tolling on three alternative theories. "[A]lthough federal courts do not borrow state rules governing the accrual of claims, they do borrow state equitable tolling rules." *M.D. v. Southington Bd. of Educ.*, 334 F.3d 217, 223 (2d Cir. 2003) (citation omitted) (citing *Bd. of Regents v. Tomanio*, 446 U.S. 478, 484-86 (1980)). Here, plaintiffs cite extensively to documents expressly excluded by the district court, but we do not review them in the first instance on appeal.

Plaintiffs first argue that the limitations period should have been equitably tolled because defendants fraudulently concealed the wrong. "Under New York law, the doctrines of equitable

4

tolling or equitable estoppel may be invoked to defeat a statute of limitations defense when the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action." *Abbas v. Dixon*, 480 F.3d 636, 642 (2d Cir. 2007) (internal quotation marks omitted).

Plaintiffs argue that the district court "overlooked numerous documented instances where the Corps actively misled the Plaintiff." Appellants' Br. 33. Specifically, they argue that defendants attempted to "lull IMS into complacency" with promises of new work "to prevent [them] from filing suit." *Id.* at 34. They also point out that defendants "kept them in the dark" about the existence of the 1998 Audit Report and failed to reveal documents "clearly admitting [they] breached Contract 0004." *Id.* at 34-36. These claims, not alleged in the complaint, rely on extrinsic documents that are not properly before us.

To allege fraudulent concealment, a plaintiff must either plausibly allege "that the defendant took affirmative steps to prevent the plaintiff's discovery of his claim or injury or that the wrong itself was of such a nature as to be self-concealing." *State of New York v. Hendrickson Bros., Inc.*, 840 F.2d 1065, 1083 (2d Cir. 1988), *cert. denied*, 488 U.S. 848 (1988). Plaintiffs do neither. The amended complaint alleges no specific facts indicating that defendants prevented them from exercising their rights during the limitations period. Generalized or conclusory allegations of fraudulent concealment are insufficient to toll a statute of limitations. *See Armstrong v. McAlpin*, 699 F.2d 79, 90 (2d Cir. 1983). The amended complaint notes facts discovered via litigation documents received in 2008, but statements that defendants did not turn over potentially inculpatory material until plaintiffs asked for it do not point to an obstructive concealment.

Plaintiffs argue, secondly, that they are entitled to equitable tolling because they were victims of an ongoing course of discrimination. *See Harris v. City of New York*, 186 F.3d 243 (2d Cir. 1999). However, we have held in the employment context that "[c]ompleted acts such as a termination through discharge or resignation, a job transfer, or discontinuance of a particular job assignment, are not acts of a 'continuing' nature," *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 907 (2d Cir. 1997), and the same principle applies here. It may be that "the actions of the Corps essentially destroyed the IMS business, leading to damages extending to the present day," Appellants' Br. 41, but "[a] continuing violation is not established merely because [a plaintiff] continues to feel the effects of a discriminatory act . . . . To hold otherwise would render meaningless the time limitations imposed on discrimination actions." *Lightfoot*, 110 F.3d at 907-908.

Plaintiffs assert that the amended complaint alleges that they were "continually deprived of a fair opportunity to compete for Government contracts and task orders beginning in 1994, and continuing until the present," but the complaint makes no mention of any failure to give task orders at any time after 1997. Under *Harris*, "the claimant must allege both the existence of an ongoing policy of discrimination *and* some non-time-barred acts taken in furtherance of that policy." 186 F.3d at 250 (emphasis added). In *Harris*, the failure to promote was a "non-time-barred act" where the plaintiff alleged he continued to be eligible for a promotion within the limitations period. Here, in contrast, plaintiffs have not alleged that their contracts continued to be eligible for new work at a time within the limitations period.

Finally, as to plaintiffs' argument that the limitations period was tolled because plaintiffs

initially "asserted [their] rights in the wrong forum," Appellants' Br. 38 (quoting *Miller*, 755 F.2d at 24), this argument is raised for the first time on appeal and is meritless.  Under *Smith v. Am. President Lines, Ltd.*, 571 F.2d 102 (2d Cir. 1978), the limitations period is tolled when a plaintiff "has raised the precise statutory claim in issue but has mistakenly done so in the wrong forum." *Id.* at 109.  Here, to the contrary, plaintiffs do not argue that they raised their discrimination claims timely, but in the wrong forum, but, rather, that they could not have brought those claims before filing their prior Court of Claims action.

We have considered plaintiffs' remaining arguments and find them to be without merit.  Accordingly, the judgment of the district court hereby is AFFIRMED.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk