Horn v. Politopoulos

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of October, two thousand fifteen.

PRESENT:
> GERARD E. LYNCH,
> BARRINGTON D. PARKER,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

CHESTER HORN, Individually, and as
Administrator of the Estate of David Horn,
GLADYS HORN, DAVID HORN, JR.,
DIANA HORN and PATRICIA HORN,
> *Plaintiffs-Appellants*,

v.                                                                        14-2640

CITY OF YONKERS POLICE OFFICER
DEAN POLITOPOULOS,
> *Defendant-Appellee*.

_____

**FOR APPELLANTS:**      William A. Thomas, New York, NY.

**FOR APPELLEE:**      Lisa L. Shrewsberry, Traub Lieberman Straus & Shrewsberry LLP, Hawthorne, NY.

Appeal from the United States District Court for the Southern District of New York (Sidney H. Stein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-appellants, family members of decedent David Horn, appeal from the district court's grant of summary judgment on their § 1983 excessive force claim in favor of the defendant, City of Yonkers Police Officer Dean Politopoulos, on the ground that their claim is time barred.[1] We assume familiarity with the facts and procedural history of the case, which we reference only as necessary to explain our decision to affirm.

In § 1983 actions, state statutes of limitations for personal injury actions and state tolling rules generally govern the time a party has to bring her action. The applicable limitations period in New York is three years. N.Y. C.P.L.R. § 214(5) (McKinney 2014). See Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002). Federal law, however, governs when the claim accrues. Id. at 80.

A claim accrues under federal law when the plaintiff knows, or has reason to know, of the injury on which the claim is based. Id. "[I]n applying a discovery accrual rule, we have been at pains to explain that discovery of the injury, not discovery of the

---

[1] We review an order granting summary judgment *de novo,* considering the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in her favor. Paige v. Police Dep't of City of Schenectady, 264 F.3d 197, 199 (2d Cir. 2001).

other elements of a claim, is what starts the clock." Rotella v. Wood, 528 U.S. 549, 555 (2000).

The district court here correctly concluded that plaintiffs' claim against Politopoulos is barred by the statute of limitations. It is undisputed that plaintiffs knew of the injury giving raise to their claim on March 19, 2005, when David Horn was shot and killed by police officers. Plaintiffs' cause of action therefore accrued on that date, after which plaintiffs had three years to bring their claim. This action was filed on March 3, 2011, almost six years after plaintiffs' claim accrued, and thus is clearly untimely.

Plaintiffs argue that their claim is nevertheless saved by the doctrine of equitable estoppel. Under New York State law, "equitable estoppel may be invoked to defeat a statute of limitations defense when the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action." Doe v. Holy See (State of Vatican City), 793 N.Y.S.2d 565, 568 (3d Dep't 2005) (internal quotation marks omitted); see Simcuski v. Saeli, 44 N.Y.2d 442, 450 (1978). To merit equitable estoppel, a plaintiff must allege either active fraudulent concealment or a fiduciary relationship giving rise to the defendant's obligation to inform the plaintiff of the facts underlying the claim. Holy See, 793 N.Y.S.2d at 568; see Pearl, 296 F.3d at 88; Kamruddin v. Desmond, 741 N.Y.S.2d 559, 561-62 (2d Dep't 2002).

Moreover, equitable estoppel is not available unless the plaintiff exercised due diligence in bringing an action. "[T]he burden is on the plaintiff to establish that the action was brought within a reasonable time *after* the facts giving rise to the estoppel

3

have ceased to be operational." Simcuski, 44 N.Y.2d at 450 (emphasis added); see Abbas v. Dixon, 480 F.3d 636, 642 (2d Cir. 2007); Putter v. N. Shore Univ. Hosp., 7 N.Y.3d 548, 553 (2006). Whether a plaintiff acted with due diligence in bringing her action within a reasonable time depends on all the relevant circumstances. Simcuski, 44 N.Y.2d at 450-51. The legislatively prescribed period of limitations is the "outside limit on what will be regarded as due diligence." Id.

Applying these standards, plaintiffs' claim of equitable estoppel is without merit. Plaintiffs do not allege sufficient non-conclusory facts to show that they were "induced by fraud, misrepresentations or deception to refrain from filing a timely action," nor does the record permit the conclusion that they exercised due diligence in bringing an action. Id. at 449-51; see Holy See, 793 N.Y.S.2d at 568-69.

Plaintiffs originally sued a number of other officers, who were identified in a Yonkers Police Department report as having fired their guns at David Horn. See Complaint, Horn v. O'Brien, No. 07-cv-7822 (S.D.N.Y. Sept. 5, 2007); J.A. at 38-53. Their only argument that the identity of Politopoulos was fraudulently concealed is that he was not identified as a shooter in that report, and that they were not provided with a copy of a ballistics report that raised the possibility that Politopoulos had also fired his gun until defendants' initial disclosures were made in that case in March 2008. However, neither the defendants in that case nor Politopoulos had any obligation to provide plaintiffs with that report before it was provided, in a timely manner, in discovery in that case. Generally, "mere silence or failure to disclose the wrongdoing is insufficient" to

4

constitute fraudulent concealment, absent a fiduciary relationship. <u>Ross v. Louise Wise Servs., Inc.</u>, 8 N.Y.3d 478, 491 (2007) (internal quotation marks omitted). "A wrongdoer is not legally obliged to make a public confession, or to alert people who may have claims against it, to get the benefit of a statute of limitations." <u>Zumpano v. Quinn</u>, 6 N.Y.3d 666, 675 (2006). <u>See</u> <u>also</u> <u>Singh v. Wells</u>, 445 F. App'x 373, 378 (2d Cir. 2011) (explaining that under New York law, "statements that defendants did not turn over potentially inculpatory material until plaintiffs asked for it do not point to an obstructive concealment."). Plaintiffs cannot contend that the ballistics report was concealed from them when they were in fact provided the report in discovery, and when the parties do not have the type of fiduciary relationship that could have demanded earlier disclosure of the document.

Even were we to assume that plaintiffs could show active fraudulent concealment, moreover, plaintiffs fail to show that they acted with the required due diligence in bringing an action "after the facts giving rise to the estoppel have ceased to be operational." <u>Simcuski</u>, 44 N.Y.2d at 450. Any possible concealment of Officer Politopoulos's potential role in the shooting ceased when the ballistics report was provided to the plaintiffs no later than March 8, 2008. Plaintiffs waited more than two years before trying to add Officer Politopoulos as a defendant in their related action, and when that request was denied, they waited another eight months before initiating this separate lawsuit. Such lengthy delay after the alleged concealment had ended was not

5

reasonable under the circumstances, particularly given the length of time that had passed since the incident in question.  See Simcuski, 44 N.Y.2d at 450-51.

We have considered plaintiffs' remaining claims, and found them without merit. Accordingly, the judgment of the district court is **AFFIRMED.**

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court