■ STACY GIANNETTO, Appellant, v STUART H. KNEE et al., Respondents. [919 NYS2d 176]—

The plaintiff alleged that in November 2003, the defendant Stuart H. Knee committed dental malpractice by cutting tooth number 21 in the plaintiff's mouth and performing negligent bridge work. She further alleged that when she complained of pain, Knee recognized that he had committed malpractice, but that, rather than disclose it, he concealed it by misrepresenting that the tooth merely needed bonding and by performing that bonding. In January 2004, Knee referred the plaintiff to another dentist, the defendant Albert Granger. The plaintiff alleges that Granger, too, recognized that Knee had committed malpractice, but likewise did not disclose it, and instead merely told the plaintiff to go back to Knee and talk to him.

Five years later, in February 2009, the plaintiff commenced this action against Knee, as well as Granger and Granger's professional corporation (hereinafter the Granger defendants), alleging one cause of action sounding in dental malpractice against Knee, and a cause of action alleging fraud against each of the three defendants. After issue was joined, the defendants moved for summary judgment dismissing the complaint on the ground that the cause of action alleging dental malpractice was time-barred and that the causes of action alleging fraud were, inter alia, duplicative of the malpractice action, inasmuch as there were no damages arising from the alleged fraud that were distinct from the damages arising from the alleged malpractice. In opposition, the plaintiff submitted, among other things, her affidavit alleging that as a result of the concealment, she did not learn that her tooth was damaged until she visited another dentist in February 2008. The Supreme Court, inter alia, granted the defendants' motion for summary judgment dismissing the complaint.

When a doctor actively conceals his or her own malpractice by subsequently making a material and knowing misrepresentation to the patient, on which the patient relies to his or her detriment, the patient may assert separate causes of action to recover damages for malpractice and fraud, as long as the damages sustained as a result of the fraud are distinct from the damages sustained as a result of the malpractice (*see Simcuski v Saeli*, 44 NY2d 442, 452-453 [1978]; *Keselman v Webber*, 56 AD3d 728, 729-730 [2008]). Here, however, the plaintiff did not allege that she suffered any damages from Knee's alleged fraud that were separate from those caused by his alleged malpractice. Consequently, the Supreme Court properly dismissed the cause of action alleging fraud against Knee (*see Abraham v Kosinski*, 305 AD2d 1091, 1092 [2003]; *Luciano v Levine*, 232 AD2d 378, 379-380 [1996]). Likewise, the Supreme Court properly dismissed the causes of action alleging fraud against the Granger defendants. In support of their motion for summary judgment dismissing those causes of action, the defendants submitted the verified complaint and bill of particulars. The allegations against the Granger defendants, when viewed in the light most favorable to the plaintiff, simply did not amount to a fraud. The plaintiff alleged that Granger did nothing more than tell the plaintiff to talk to Knee about her complaints (*cf. Fisher v DiPietro*, 54 AD3d 892, 894-895 [2008]). That alleged communication cannot be interpreted as a misrepresentation, much less a knowing misrepresentation (*see De Vito v New York Cent. Sys.*, 22 AD2d 600, 603 [1965]), because it has no express or implied content that may be regarded, in the context in which it was made, as either true or false. Thus, the defendants met their prima facie burden of establishing their entitlement to judgment as a matter of law on the causes of action against the Granger defendants alleging fraud. In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562-563 [1980]; *Stukas v Streiter*, 83 AD3d 18 [2d Dept 2011]).

The Supreme Court erred, however, in granting that branch of the defendants' motion which was for summary judgment dismissing the malpractice cause of action against Knee on the basis of the statute of limitations. Although the defendants established, prima facie, that the action was commenced well beyond the 2½-year statute of limitations applicable to claims alleging dental malpractice (*see* CPLR 214-a), the plaintiff raised a triable issue of fact as to whether Knee should be equitably estopped from raising the defense of the statute of limitations. "Equitable estoppel is appropriate where the plaintiff is prevented from filing an action within the applicable statute of

limitations due to his or her reasonable reliance on deception, fraud or misrepresentations by the defendant" (*Putter v North Shore Univ. Hosp.*, 7 NY3d 548, 552-553 [2006]; *see Simcuski v Saeli*, 44 NY2d at 448-449). Whether equitable estoppel applies is generally a question of fact (*see Vigliotti v North Shore Univ. Hosp.*, 24 AD3d 752, 755 [2005]), and a mere failure to disclose malpractice or diagnose a condition does not give rise to equitable estoppel (*see Rizk v Cohen*, 73 NY2d 98 [1989]; *Simcuski v Saeli*, 44 NY2d at 450; *Reichenbaum v Cilmi*, 64 AD3d 693, 695 [2009]; *Bevinetto v Steven Plotnick, M.D., P.C.*, 51 AD3d 612, 614 [2008]; *Dombroski v Samaritan Hosp.*, 47 AD3d 80 [2007]; *Coopersmith v Gold*, 172 AD2d 982, 983 [1991]). Here, the plaintiff's sworn allegations raised a triable issue of fact as to whether Knee concealed his malpractice by knowingly misrepresenting her condition and by bonding tooth number 21, a procedure that the plaintiff alleges he knew was not effective (*see Vigliotti v North Shore Univ. Hosp.*, 24 AD3d at 755; *Szajna v Rand*, 131 AD2d 840, 841 [1987]). Additionally, the plaintiff raised a triable issue of fact as to whether she commenced the action within a reasonable time after her discovery of the alleged malpractice (*see Edmonds v Getchonis*, 150 AD2d 879, 882 [1989]).

The plaintiff's remaining contentions are without merit or not properly before this Court. Rivera, J.P., Balkin, Leventhal and Hall, JJ., concur.