■ KEITH BUTCHER, Respondent, v SPYROS PANOS, M.D., et al., Defendants, and VASSAR BROTHERS HOSPITAL, Appellant. [982 NYS2d 560]—

In an action, inter alia, to recover damages for medical malpractice, the defendant Vassar Brothers Hospital appeals, as limited by its brief, from so much of an order of the Supreme Court, Dutchess County (Lubell, J.), dated November 29, 2012, as denied its motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against it as time-barred.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Vassar Brothers Hospital pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against it as time-barred is granted.

According to the plaintiff, on or about November 2007, he sought treatment for his right knee from the defendant physician Spyros Panos. On December 27, 2007, Panos performed surgery on the plaintiff's knee at Vassar Brothers Hospital (hereinafter Vassar). On February 1, 2012, the plaintiff commenced this action against Vassar, among others, inter alia, to recover damages for medical malpractice.

The Supreme Court should have granted Vassar's motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against it as time-barred. Contrary to the plaintiff's contention, the motion was not properly denied on the ground that discovery might have revealed evidence that would estop Vassar from raising a statute of limitations defense. In opposition to Vassar's motion, the plaintiff's counsel stated that, with further discovery, the plaintiff hoped to be able to establish that Vassar possessed knowledge of Panos's medical malpractice, and that this knowledge, coupled with Vassar's "allowing" Panos "to continue" his malpractice to the detriment of other patients, was a fraud perpetrated by Vassar on the public that estopped it from asserting a statute of limitations defense. Even if the plaintiff were able to establish these facts, however, they would not give rise to an estoppel (*see Plain v Vassar Bros. Hosp.*, 115 AD3d 922 [2014] [decided herewith]). Rivera, J.P., Lott, Roman and Hinds-Radix, JJ., concur.