Bennett v Panos (2014 NY Slip Op 05935)
Bennett v Panos
2014 NY Slip Op 05935
Decided on August 27, 2014
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This opinion is uncorrected and subject to revision before publication in the Official Reports.
Decided on August 27, 2014SUPREME COURT OF THE STATE OF NEW YORKAppellate Division, Second Judicial Department
THOMAS A. DICKERSON, J.P.
JOHN M. LEVENTHAL
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX, JJ.


2013-01537
 (Index No. 1030/12)

[*1]Mary Alice Bennett, respondent, 
v
Spyros Panos, etc., et al., defendants, Mid Hudson Medical Group, P.C., et al., appellants.
Westermann, Sheehy, Keenan, Samaan & Aydelott, LLP, White Plains, N.Y. (Christopher P. Keenan and Timothy M. Smith of counsel), for appellant Mid Hudson Medical Group, P.C.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, N.Y. (Judy C. Selmeci, Marshal S. Endick, and Donna Marie Baloy of counsel), for appellant Robert Morgantini.
Wisell & McGee, LLP, Kew Gardens, N.Y. (Nancy M. McGee of counsel), for respondent.
DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the defendant Robert Morgantini appeals, as limited by his brief, from so much of an order of the Supreme Court, Dutchess County (Lubell, J.), dated November 29, 2012, as denied his motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred, and the defendant Mid Hudson Medical Group, P.C., separately appeals, as limited by its brief, from so much of the same order as denied that branch of its motion which was pursuant to CPLR 3211(a)(7) to dismiss the claims in the complaint to recover damages for negligent hiring and supervision insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from by the defendant Robert Morgantini, on the law, and his motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred is granted; and it is further,
ORDERED that the order is affirmed insofar as appealed from by the defendant Mid Hudson Medical Group, P.C.; and it is further,
ORDERED that one bill of costs is awarded to the defendant Robert Morgantini, payable by the plaintiff, and one bill of costs is awarded to the plaintiff, payable by the defendant Mid Hudson Medical Group, P.C.
According to the plaintiff, in or about December 2008, she sought treatment for her right hip from the defendant Spyros Panos, a physician employed by the defendant Mid Hudson Medical Group, P.C. (hereinafter Mid Hudson). On June 23, 2009, Panos performed surgery on the plaintiff's right hip. During the surgery, Panos was assisted by the defendant Robert Morgantini, a [*2]registered nurse. On February 24, 2012, the plaintiff commenced this action against Morgantini and Mid Hudson, among others, inter alia, to recover damages for medical malpractice.
The Supreme Court should have granted Morgantini's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred. In support of his motion, Morgantini established, prima facie, that the action was commenced after the expiration of the applicable 2½-year limitations period. Contrary to the plaintiff's contention, she failed to raise a question of fact as to whether the doctrine of equitable estoppel barred Morgantini from asserting the affirmative defense of the statute of limitations. In opposition to Morgantini's motion, the plaintiff failed to present evidence in support of her allegation that Morgantini made a misrepresentation after the subject surgery for the purpose of concealing the alleged health-care malpractice (see Bennie v Hudson Val. Ctr. at St. Francis, LLC, 115 AD3d 899, 900; see also Plain v Vassar Bros. Hosp., 115 AD3d 922, 923; Nelson v Hudson Val. Ctr. at St. Francis, LLC, 115 AD3d 917, 918; Butcher v Panos, 115 AD3d 900, 901). Further, the plaintiff failed to establish that facts essential to justify opposition to Morgantini's motion may exist, but, absent discovery, could not be stated (see CPLR 3211[d]; see also Bennie v Hudson Val. Ctr. at St. Francis, LLC, 115 AD3d at 900).
However, the Supreme Court properly denied that branch of Mid Hudson's motion which was pursuant to CPLR 3211(a)(7) to dismiss the claims in the complaint to recover damages for negligent hiring and supervision insofar as asserted against it (see Saretto v Vassar Bros. Hosp., _____ AD3d _____ [decided herewith]).
DICKERSON, J.P., LEVENTHAL, AUSTIN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court