■ PETER DUCILLO, Respondent, v HUDSON VALLEY AT SAINT FRANCIS, LLC, Defendant, and MID HUDSON MEDICAL GROUP, P.C., et al., Appellants. [9 NYS3d 624]—

In an action, inter alia, to recover damages for medical malpractice, the defendants Mid Hudson Medical Group, P.C., and Spyros Panos separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Dutchess County (Lubell, J.), dated November 29, 2012, as, respectively, denied those branches of their separate motions which were pursuant to CPLR 3211 (a) (5) to dismiss the cause of action alleging medical malpractice insofar as asserted against each of them as time-barred.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

According to the plaintiff, in April 2008, he sought treatment for his right knee from the defendant Spyros Panos, a physician employed by the defendant Mid Hudson Medical Group, P.C. (hereinafter Mid Hudson). On September 16, 2008, Panos performed surgery on the plaintiff's right knee. On November 22, 2011, the plaintiff commenced this action against, among others, Panos and Mid Hudson, inter alia, to recover damages for medical malpractice. Panos and Mid Hudson (hereinafter together the appellants) separately appeal from so much of an order as denied those branches of their separate motions which were pursuant to CPLR 3211 (a) (5) to dismiss the medical malpractice cause of action insofar as asserted against each of them as time-barred.

The allegations in the complaint, which must be accepted as true for the purposes of this motion (*see Bill Kolb, Jr., Subaru, Inc. v LJ Rabinowitz, CPA*, 117 AD3d 978, 979 [2014]; *6D Farm Corp. v Carr*, 63 AD3d 903, 905 [2009]; *Island ADC, Inc. v Baldassano Architectural Group, P.C.*, 49 AD3d 815, 816 [2008]; *Sabadie v Burke*, 47 AD3d 913, 914 [2008]), along with the allegations set forth in the plaintiff's affidavit, wherein he stated that Panos made certain misrepresentations and false assurances to him after the subject surgery and that those actions prevented him from discovering the malpractice and commencing the action within the applicable limitations period, were sufficient to warrant the application of the doctrine of equitable estoppel against both Panos and Mid Hudson, as his employer (*see Simcuski v Saeli*, 44 NY2d 442, 447-449 [1978]; *Giannetto v Knee*, 82 AD3d 1043, 1045-1046 [2011]; *Owen v Mackinnon*, 6 AD3d 684, 686 [2004]; *cf. Saretto v Panos*, 120 AD3d 786 [2014]; *Plain v Vassar Bros. Hosp.*, 115 AD3d 922, 923-924 [2014]; *Nelson v Hudson Val. Ctr. at St. Francis, LLC*, 115 AD3d 917, 918 [2014]; *Butcher v Panos*, 115 AD3d 900, 901 [2014]). We note that in opposition to the appellants' motions, the plaintiff was permitted to submit an affidavit in order to remedy defects in his complaint, and that the allegations contained therein are also deemed to be true for the purposes of this motion (*see Ford v Phillips*, 121 AD3d 1232, 1234 [2014]; *AAA Viza, Inc. v Business Payment Sys., LLC*, 38 AD3d 802, 803 [2007]). Furthermore, the Supreme Court directed the plaintiff to file an amended complaint to include the allegations of fraud set forth against Panos in the plaintiff's proposed amended complaint. These allegations were also sufficient to warrant the application of the doctrine of equitable estoppel against both Panos and Mid Hudson.

Accordingly, the Supreme Court properly denied those

branches of the appellants' separate motions which were pursuant to CPLR 3211 (a) (5) to dismiss the medical malpractice cause of action insofar as asserted against each of them as time-barred. Chambers, J.P., Dickerson, LaSalle and Barros, JJ., concur.