■ SALVATORE MARTINO, Respondent, v SPYROS PANOS, M.D., et al., Defendants, and MID HUDSON MEDICAL GROUP, P.C., Appellant. [16 NYS3d 835]—

In an action, inter alia, to recover damages for medical malpractice, the defendant Mid Hudson Medical Group, P.C., appeals, as limited by its brief, from so much of an order of the Supreme Court, Dutchess County (Lubell, J.), dated November

29, 2012, as denied that branch of its motion which was pursuant to CPLR 3211 (a) (5) to dismiss the cause of action alleging medical malpractice insofar as asserted against it as time-barred.

Ordered that the order is affirmed insofar as appealed from, with costs.

According to the plaintiff, on May 7, 2008, he sought treatment for his left knee from the defendant Spyros Panos, a physician employed by the defendant Mid Hudson Medical Group, P.C. (hereinafter Mid Hudson). On September 4, 2008, Panos performed surgery on the plaintiff's left knee. On March 8, 2012, the plaintiff commenced this action against, among others, Panos and Mid Hudson, inter alia, to recover damages for medical malpractice. Mid Hudson appeals from so much of an order as denied that branch of its motion which was pursuant to CPLR 3211 (a) (5) to dismiss the medical malpractice cause of action insofar as asserted against it as time-barred.

The allegations in the complaint, which must be accepted as true for the purposes of this motion (*see Bill Kolb, Jr., Subaru, Inc. v LJ Rabinowitz, CPA*, 117 AD3d 978, 979 [2014]; *6D Farm Corp. v Carr*, 63 AD3d 903, 905 [2009]; *Island ADC, Inc. v Baldassano Architectural Group, P.C.*, 49 AD3d 815, 816 [2008]; *Sabadie v Burke*, 47 AD3d 913, 914 [2008]), along with the allegations set forth in the plaintiff's affidavit, wherein he stated that Panos made certain misrepresentations and false assurances to him after the subject surgery and that those misrepresentations and assurances prevented him from discovering the malpractice and commencing the action within the applicable limitations period, were sufficient to warrant the application of the doctrine of equitable estoppel against Mid Hudson, as Panos's employer (*see Simcuski v Saeli*, 44 NY2d 442, 447-449 [1978]; *Ducillo v Hudson Val. at St. Francis, LLC*, 128 AD3d 885 [2015]; *Giannetto v Knee*, 82 AD3d 1043, 1045-1046 [2011]; *Owen v Mackinnon*, 6 AD3d 684, 686 [2004]; *cf. Saretto v Panos*, 120 AD3d 786 [2014]; *Plain v Vassar Bros. Hosp.*, 115 AD3d 922, 923-924 [2014]; *Nelson v Hudson Val. Ctr. at St. Francis, LLC*, 115 AD3d 917, 918 [2014]; *Butcher v Panos*, 115 AD3d 900, 901 [2014]). We note that, in opposition to Mid Hudson's motion, the plaintiff was permitted to submit an affidavit in order to remedy defects in his complaint, and that the allegations contained therein are also deemed to be true for the purposes of this motion (*see Ducillo v Hudson Val. at St. Francis, LLC*, 128 AD3d 885 [2015]; *Ford v Phillips*, 121 AD3d 1232, 1234 [2014]; *AAA Viza, Inc. v Business Payment Sys., LLC*, 38 AD3d 802, 803 [2007]). Furthermore, the Supreme

Court directed the plaintiff to serve and file an amended complaint to include the allegations of fraud set forth against Panos in the plaintiff's proposed amended complaint. These allegations were also sufficient to warrant the application of the doctrine of equitable estoppel against Mid Hudson (*see Ducillo v Hudson Val. at St. Francis, LLC*, 128 AD3d 885 [2015]).

Accordingly, the Supreme Court properly denied that branch of Mid Hudson's motion which was pursuant to CPLR 3211 (a) (5) to dismiss the medical malpractice cause of action insofar as asserted against it as time-barred. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.