Anderson v Pinn (2020 NY Slip Op 03636)





Anderson v Pinn


2020 NY Slip Op 03636


Decided on July 1, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2019-07775
 (Index No. 519135/18)

[*1]Douglas Anderson, appellant, 
v
Candace Stanley Pinn, etc., respondent.


The Cotter Law Group, Manhasset, NY (Jesse C. Cotter and Scott B. MacLagan of counsel), for appellant.
Byrne & O'Neill, LLP, New York, NY (Mark R. McCauley of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for professional malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated May 13, 2019. The order granted the defendant's motion, in effect, pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the defendant's motion which were, in effect, pursuant to CPLR 3211(a) to dismiss the first, third, fourth, and fifth causes of action, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed, with costs payable by the defendant to the plaintiff.
In 2005, the plaintiff entered into a contract with the defendant's decedent, Thomas Barrett Stanley, under which Stanley agreed to provide architectural services. According to the plaintiff, Stanley was hired to construct a four-story condominium building on property owned by the plaintiff, adjacent to an existing building the plaintiff owned. The plaintiff alleged that when the project was "nearing completion" in 2008, he discovered that in order to have utilities installed separately in the two buildings, the property needed to be subdivided. According to the plaintiff, Stanley told him that this had been an "oversight" and that subdividing the property "would not be a problem."
In 2008, the plaintiff lost his funding for the project, and he was not able to obtain further financing for a number of years. In 2015 and 2018, the parties entered into new contracts for architectural services. According to the plaintiff, after work on the project resumed, Stanley filed numerous unsuccessful applications with the Department of Buildings of the City of New York (hereinafter the DOB), which ultimately issued 72 objections against the project. The plaintiff alleged that Stanley did not complete the project before his death in June 2018.
On September 21, 2018, the plaintiff commenced the instant action against the defendant, the executor of Stanley's estate, asserting five causes of action, including breach of contract and professional malpractice. The defendant moved, in effect, pursuant to CPLR 3211(a) [*2]to dismiss the complaint as time-barred under CPLR 214(6), and to dismiss the second through fifth causes of action as duplicative of the first cause of action, alleging breach of contract. In an order dated May 13, 2019, the Supreme Court granted the defendant's motion on the ground that the complaint was time-barred. The plaintiff appeals.
On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that the statute of limitations has expired, the moving defendant must establish, prima facie, that the time in which to commence the action has expired (see HSBC Bank USA, N.A. v Grella, 176 AD3d 924, 925). "If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled" (id. at 925). In opposition to a CPLR 3211 motion, a plaintiff may submit an affidavit in order to remedy defects in the complaint, and the allegations contained therein, like the allegations contained in the complaint, are deemed to be true for purposes of the motion (see Cron v Hargro Fabrics, 91 NY2d 362, 366; Martino v Panos, 131 AD3d 1137, 1138).
"[A]n action to recover damages for malpractice, other than medical, dental or podiatric malpractice, regardless of whether the underlying theory is based in contract or tort" is subject to a three-year statute of limitations (CPLR 214[6]; see Matter of R.M. Kliment & Frances Halsband, Architects [McKinsey & Co., Inc.], 3 NY3d 538, 541). Such an action, founded upon "defective design or construction accrues upon the actual completion of the work to be performed and the consequent termination of the professional relationship" (Frank v Mazs Group, LLC, 30 AD3d 369, 369-370; see State of New York v Lundin, 60 NY2d 987, 989; Regency Club at Wallkill, LLC v Appel Design Group, P.A., 112 AD3d 603, 606). However, "a professional malpractice cause of action asserted against an architect or engineer may be tolled under the continuous representation' doctrine if the plaintiff shows its reliance upon a continued course of services related to the original professional services provided" (Regency Club at Wallkill, LLC v Appel Design Group, P.A., 112 AD3d at 606).
Here, the defendant failed to meet her prima facie burden of demonstrating that the complaint was time-barred. The defendant did not demonstrate that the work on the project was completed in 2008. Rather, according to the complaint and reasonable inferences to be drawn therefrom, while the project stalled at that time due to a lack of financing, further work on the project, specifically, to subdivide the property, was contemplated, and, indeed, resumed, once further financing was obtained. Under these circumstances, it cannot be said that the plaintiff's claims accrued in 2008 (see City of New York v Castro-Blanco, Piscioneri & Assoc., 222 AD2d 226, 228; see also Frank v Mazs Group, LLC, 30 AD3d at 369-370). Further, contrary to the Supreme Court's conclusion, the 2015 agreement did not demonstrate otherwise, since both the 2005 and 2015 agreements concerned a single project, and the statute of limitations did not begin to run until completion of the entire project (see Board of Mgrs. of Ocean Club at Long Beach Condominium v Mandel, 235 AD2d 382).
Even if the defendant had met her prima facie burden, the plaintiff raised a question of fact as to whether the continuous representation toll applied. Specifically, the plaintiff averred in an affidavit in opposition to the motion that Stanley continued to work on the project from 2008 through the time that the parties entered into the 2015 agreement, including by continuing to revise the plans so as to subdivide the property, regularly meeting with the plaintiff, renewing building permits with the plaintiff, meeting with a "commissioner" at the DOB to discuss revised plans, and filing an application concerning the project with the DOB in 2014.
Accordingly, the Supreme Court should not have directed dismissal of the causes of action alleging breach of contract and professional malpractice on the ground that they were time-barred. In addition, the court should not have directed dismissal of the remainder of the complaint as time-barred since the defendant did not make any arguments in her motion papers pertaining to any limitations period other than the period applicable to claims of professional malpractice.
As the defendant argues, however, the second cause of action, alleging malpractice, should have been dismissed as duplicative of the first cause of action, alleging breach of contract. [*3]The allegations in the former cause of action were essentially identical to those in the latter and did not allege a distinct injury or distinct damages (see Dormitory Auth. of the State of N.Y. v Samson Constr. Co., 30 NY3d 704, 711; Encore Lake Grove Homeowners Assn., Inc. v Cashin Assoc., P.C., 111 AD3d 881, 883). Contrary to the defendant's contention, the remaining causes of action were not duplicative of the breach of contract cause of action, since those causes of action alleged conduct that occurred before the plaintiff and Stanley entered into the contract; specifically, Stanley's determination that the project the plaintiff proposed was feasible, in light of applicable laws and regulations (see generally Connecticut N.Y. Light. Co. v Manos Bus. Mgt. Co., Inc., 171 AD3d 698, 700; cf. Did-it.com, LLC v Halo Group, Inc., 174 AD3d 682, 683).
Accordingly, while the defendant was entitled to dismissal of the second cause of action, the Supreme Court should have denied those branches of the defendant's motion which were to dismiss the first, third, fourth, and fifth causes of action.
BALKIN, J.P., ROMAN, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court