Gorelik v K & G Gekon, Inc. (2020 NY Slip Op 06759)





Gorelik v K & G Gekon, Inc.


2020 NY Slip Op 06759


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2017-13062 
2018-03433
 (Index No. 510298/14)

[*1]Dmitriy Gorelik, et al., appellants,
v
K & G Gekon, Inc., et al, respondents. Robert Bondar, Brooklyn, NY, for appellants.


Miller, Leiby & Associates, P.C., New York, NY (Jeffrey R. Miller and Evan Misrahi of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Theresa M. Ciccotto, J.), dated November 1, 2017, and (2) an order of the same court dated February 2, 2018. The order dated November 1, 2017, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint. The order dated February 2, 2018, insofar as appealed from, upon reargument, adhered to the prior determination in the order dated November 1, 2017, granting that branch of the defendants' motion which was for summary judgment dismissing the complaint.
ORDERED that the appeal from the order dated November 1, 2017, is dismissed, without costs or disbursements, as the portions of the order appealed from were superseded by the order dated February 2, 2018, made upon reargument; and it is further,
ORDERED that the order dated February 2, 2018, is modified, on the law, by deleting the provisions thereof adhering to so much of the prior determination in the order dated November 1, 2017, as granted those branches of the defendants' motion which were for summary judgment dismissing the first cause of action to recover damages for breach of contract, which was asserted against the defendant K & G Gekon, Inc., and the third cause of action to recover damages for conversion, which was asserted against the defendant Genadi Rabinovich, and substituting therefor provisions, upon reargument, vacating those portions of the prior determination and, thereupon, denying those branches of the motion; as so modified, the order dated February 2, 2018, is affirmed insofar as appealed from, without costs or disbursements.
The plaintiffs, Dmitriy Gorelik and Mariana Gorelik, commenced this action against the defendants K & G Gekon, Inc. (hereinafter K & G), and Genadi Rabinovich, seeking, inter alia, to recover damages for breach of a certain construction contract. The defendants moved, among other things, for summary judgment dismissing the complaint. The plaintiffs opposed the motion. In an order dated November 1, 2017, the Supreme Court, inter alia, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint.
Subsequently, the plaintiffs moved for leave to reargue their opposition to the defendants' motion. The defendants opposed the motion. In an order dated February 2, 2018, the Supreme Court, among other things, granted reargument and, upon reargument, adhered to its prior [*2]determination granting that branch of the defendants' motion which was for summary judgment dismissing the complaint. The plaintiffs appeal.
As a threshold matter, we agree with the Supreme Court's determination to decline to consider the plaintiffs' argument, raised for the first time in support of their motion for reargument, that the defendants should not have been granted summary judgment dismissing the complaint since they had failed to submit a supporting affidavit from someone with personal knowledge of the material facts (see McGill v Goldman, 261 AD2d 593, 594).
Nonetheless, we agree with the plaintiffs' contention that the Supreme Court, upon reargument, should have denied those branches of the defendants' motion which were for summary judgment dismissing the first cause of action to recover damages for breach of contract, which was asserted against K & G, and the third cause of action to recover damages for conversion, which was asserted against Rabinovich, as the defendants' submissions in support of their motion, including the transcript of the deposition testimony of the plaintiff Dmitriy Gorelik, raised, rather than eliminated, triable issues of fact as to whether K & G breached the subject contract, and whether Rabinovich converted certain property belonging to the plaintiffs, respectively (see generally O'Hanlon v Renwick, 166 AD3d 890, 893).
However, we agree with the Supreme Court's determination, upon reargument, to adhere to its prior determination granting that branch of the defendants' motion which was for summary judgment dismissing the second cause of action to recover damages for negligence, which was asserted against K & G, since, under the circumstances, the cause of action alleging negligence was duplicative of the cause of action alleging breach of contract, as a matter of law (see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 389-390; Rosner v Bankers Std. Ins. Co., 172 AD3d 1257, 1259; Heffez v L & G Gen. Constr., Inc., 56 AD3d 526, 527).
RIVERA, J.P., ROMAN, MILLER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court