Lastella v St. Joseph's Hosp. (2023 NY Slip Op 04663)

Lastella v St. Joseph's Hosp.

2023 NY Slip Op 04663

Decided on September 20, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 20, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.

2021-08908
 (Index No. 58227/21)

[*1]Louisa Lastella, etc., appellant, 
v
St. Joseph's Hospital, respondent, et al., defendant.

Becker & D'Agostino, P.C., New York, NY (Nancy I. Margolin of counsel), for appellant.
Collins, Fitzpatrick & Schoene, LLP, White Plains, NY (Ralph Schoene of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice and wrongful death, the plaintiff appeals from an order of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated October 29, 2021. The order granted the motion of the defendant St. Joseph's Hospital pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it as time-barred.
ORDERED that the order is affirmed, with costs.
In June 2021, the plaintiff commenced this action, inter alia, to recover damages for medical malpractice and wrongful death against the defendant St. Joseph's Hospital (hereinafter the hospital) and another. The complaint alleged, among other things, that the plaintiff's decedent was a patient of the hospital in 2015 and 2016, and that he died on June 23, 2018. The hospital moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it as time-barred. In support of its motion, the hospital submitted, inter alia, evidence that is not disputed by the plaintiff tending to show that the plaintiff's decedent was last admitted to the hospital from November 16, 2017, to December 6, 2017. The plaintiff opposed the motion. In an order dated October 29, 2021, the Supreme Court granted the hospital's motion. The plaintiff appeals.
A party may move for judgment dismissing one or more causes of action asserted against it on the ground that the cause of action may not be maintained because of the statute of limitations (see id.). "On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that the statute of limitations has expired, the moving defendant must establish, prima facie, that the time in which to commence the action has expired" (Cadlerock Joint Venture, L.P. v Trombley, 189 AD3d 1157, 1158). "If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations [*2]period" (Barry v Cadman Towers, Inc., 136 AD3d 951, 952).
Here, the hospital demonstrated, prima facie, that the time in which to commence the action had expired (see CPLR 214-a; EPTL 5-4.1[1]). The complaint alleged care and treatment of the plaintiff's decedent by the hospital in 2015 and 2016, meaning that this action, commenced in June 2021, was untimely. Even if it is assumed that the alleged malpractice occurred on the date of the plaintiff's decedent's final admission to the hospital, December 6, 2017, this action was commenced outside of the statutory limitations period of 2½ years for a medical malpractice cause of action. Likewise, even assuming that there was continuous treatment, December 6, 2017, was the date of the last treatment by the hospital (see CPLR 214-a[b][ii]). Additionally, the plaintiff's decedent knew or reasonably should have known of the alleged negligent act or omission in failing to diagnose a malignant tumor and knew or reasonably should have known that such negligent act or omission had caused the plaintiff's decedent's injury (see id. § 214-a[b][i]) no later than December 6, 2017, as the discharge summary from that date indicated that the primary diagnosis was a malignant tumor of the lung. Moreover, the complaint alleged that the plaintiff's decedent died on June 23, 2018, thus, this action was commenced outside of the statutory limitations period of 2 years for a wrongful death cause of action.
The plaintiff failed to raise a question of fact in opposition to the hospital's prima facie showing. The plaintiff asserts that the former Governor issued a series of executive orders during the COVID-19 pandemic that tolled filing deadlines applicable to litigation in the New York courts between March 20, 2020, and November 3, 2020 (see 9 NYCRR 8.202.8, 8.202.14, 8.202.28, 8.202.38, 8.202.48, 8.202.55, 8.202.55.1, 8.202.60, 8.202.67, 8.202.72; see also Brash v Richards, 195 AD3d 582; see also McLaughlin v Snowlift, Inc., 214 AD3d 720). As a result, those 228 days are excluded from the calculation of the relevant statute of limitations period (see Brash v Richards, 195 AD3d at 582; see also McLaughlin v Snowlift, Inc., 214 AD3d at 721). However, even excluding those 228 days from the relevant limitations periods, the plaintiff's causes of action alleging medical malpractice and wrongful death are time-barred. When the limitations clock stopped on March 20, 2020, the causes of action each had, at most, approximately three months remaining before the expiration of the applicable limitations periods. The limitations clock restarted on November 4, 2020, yet this action was not commenced until June 2021.
Contrary to the plaintiff's further contention, she did not make a sufficient showing that facts essential to justify opposition to the hospital's motion could be yielded during discovery (see CPLR 3211[d]; Karpovich v City of New York, 162 AD3d 996, 998).
Accordingly, the Supreme Court properly granted the hospital's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it as time-barred.
DILLON, J.P., BRATHWAITE NELSON, MILLER and MALTESE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court