Meserole Hub, LLC v Rosenzweig (2024 NY Slip Op 00417)

Meserole Hub, LLC v Rosenzweig

2024 NY Slip Op 00417

Decided on January 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
LILLIAN WAN, JJ.

2021-04394
 (Index No. 524299/18)

[*1]Meserole Hub, LLC, appellant, 
v
Solomon Rosenzweig, et al., respondents (and third-party action).

Herrick, Feinstein LLP, New York, NY (Avery S. Mehlman and Heather M. Zimmer of counsel), for appellant.
Milber Makris Plousadis & Seiden, LLP, Woodbury, NY (Thomas M. Fleming II of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for breach of contract, professional malpractice/negligence, and unjust enrichment, the plaintiff appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated May 14, 2021. The order granted the defendants' motion for summary judgment dismissing the second and third causes of action, and, in effect, for summary judgment limiting the plaintiff's right to recover damages for breach of contract pursuant to a limitation of damages provision contained in a contract between the parties.
ORDERED that the order is affirmed, with costs.
In December 2014, nonparty Builders Assistance Corp., on behalf of the plaintiff, entered into a contract with the defendant Solomon Rosenzweig, P.E., P.C. (hereinafter SRPE), to provide engineering services to the plaintiff in connection with the development of certain real property located in Brooklyn. The contract contained a provision waiving any and all claims for special, incidental, indirect, or consequential damages, and limiting SRPE's liability to $50,000 or the total amount of compensation received by SRPE, whichever was greater (hereinafter the limitation provision). The plaintiff subsequently commenced this action against SRPE and its principal, the defendant Solomon Rosenzweig, asserting causes of action alleging breach of contract, professional malpractice/negligence, and unjust enrichment. The defendants moved for summary judgment dismissing the second cause of action, alleging professional malpractice/negligence, and the third cause of action, alleging unjust enrichment, and, in effect, for summary judgment limiting the plaintiff's right to recover damages for breach of contract pursuant to the limitation provision in the contract. In an order dated May 14, 2021, the Supreme Court granted the defendants' motion, and the plaintiff appeals.
The defendants established their prima facie entitlement to judgment as a matter of law dismissing the second cause of action, alleging professional malpractice/negligence, as duplicative of the cause of action alleging breach of contract. The allegations in the second cause of action were essentially identical to those in the breach of contract cause of action and did not allege a distinct injury or distinct damages (see Dormitory Auth. of the State of N.Y. v Samson Constr. Co., 30 NY3d 704, 711-713; Gorelik v K & G Gekon, Inc., 188 AD3d 1010, 1012; Anderson [*2]v Pinn, 185 AD3d 534, 536). In opposition, the plaintiff failed to raise a triable issue of fact.
The defendants also demonstrated their prima facie entitlement to judgment as a matter of law dismissing the third cause of action, alleging unjust enrichment. Recovery under this theory was precluded by the existence of a valid contract between the parties governing the subject matter of the dispute (see EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 23; Woodmere Rehabilitation & Health Care Ctr., Inc. v Zafrin, 197 AD3d 1263, 1268). In opposition, the plaintiff failed to raise a triable issue of fact (see Jaybar Realty Corp. v Armato, 175 AD3d 1391, 1393).
Further, the Supreme Court properly granted that branch of the defendants' motion which was, in effect, for summary judgment limiting the plaintiff's right to recover damages for breach of contract pursuant to the limitation provision of the contract. In opposition to the defendants' prima facie showing that the limitation provision is enforceable (see Matter of Part 60 Put-Back Litig., 36 NY3d 342, 351-355; Integrity Intl., Inc. v HP, Inc., 211 AD3d 1194, 1200), the plaintiff failed to raise a triable issue of fact.
The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination.
CONNOLLY, J.P., GENOVESI, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court