Robinson v Jamaica Hosp. Med. Ctr. (2025 NY Slip Op 04030)

Robinson v Jamaica Hosp. Med. Ctr.

2025 NY Slip Op 04030

Decided on July 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
LINDA CHRISTOPHER
CARL J. LANDICINO
PHILLIP HOM, JJ.

2024-00194
2024-03261
 (Index No. 713412/23)

[*1]Darryl Robinson, Jr., appellant, 
v
Jamaica Hospital Medical Center, et al., respondents.

Jonathan E. Neuman, Fresh Meadows, NY, for appellant.
Martin Clearwater & Bell LLP, East Meadow, NY (Barbara D. Golderg, Gregory A. Cascino, and Yuko Nakahara of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for medical malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Tracy Catapano-Fox, J.), dated October 31, 2023, and (2) an order of the same court dated January 5, 2024. The order dated October 31, 2023, granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint as time-barred. The order dated January 5, 2024, insofar as appealed from, upon reargument, adhered to the determination in the order dated October 31, 2023.
ORDERED that the order dated October 31, 2023, is reversed, on the law, the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint as time-barred is denied, and so much of the order dated January 5, 2024, as, upon reargument, adhered to the determination in the order dated October 31, 2023, granting the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint as time-barred, is vacated; and it is further,
ORDERED that the appeal from the order dated January 5, 2024, is dismissed as academic in light of our determination on the appeal from the order dated October 31, 2023; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On April 2, 2015, the plaintiff's mother took the plaintiff to the defendant Jamaica Hospital Medical Center (hereinafter the hospital). While there, the plaintiff was diagnosed with appendicitis, and the defendant Alfredo Wong, a surgeon, performed an emergency appendectomy to remove the plaintiff's appendix. In May 2023, the plaintiff went to St. John's Hospital with severe stomach pain, was diagnosed with stump appendicitis, and underwent surgery.
On June 28, 2023, the plaintiff commenced this action to recover damages for medical malpractice against the hospital and Wong. The plaintiff alleged that the defendants failed to adequately perform an appendectomy insofar as they created an appendiceal stump inside of him and failed to notify him about the stump, which resulted in his subsequent hospitalization at St. John's Hospital for stump appendicitis.
Thereafter, the defendants moved pursuant to CPLR 3211(a) to dismiss the complaint as time-barred, as the alleged medical malpractice occurred during an appendectomy performed on April 3, 2015, and the plaintiff did not commence this action until June 28, 2023, more than eight years later. In opposition, the plaintiff maintained that the doctrine of equitable estoppel applied because the defendants had informed him that his entire appendix had been removed, which was an affirmative misrepresentation that prevented him from discovering the malpractice and commencing the action within the applicable limitations period. In an order dated October 31, 2023, the Supreme Court granted the defendants' motion. Thereafter, the plaintiff moved for leave to reargue his opposition to the defendants' motion to dismiss the complaint. In an order dated January 5, 2024, the court, inter alia, upon reargument, adhered to its prior determination. The plaintiff appeals from the orders dated October 31, 2023, and January 5, 2024.
An action asserting a cause of action for medical malpractice must be commenced within two years and six months of the act, omission, or failure complained of (see CPLR 214-a; Lee v South Nassau Communities Hosp., 231 AD3d 807, 808).
"A defendant who seeks dismissal of a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations bears the initial burden of demonstrating, prima facie, that the time in which to commence the action has expired" (Ciancarelli v Timmins, 226 AD3d 643, 645 [alterations and internal quotation marks omitted]; see Weinstein v Gewirtz, 208 AD3d 717, 718). "If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable" (Lastella v St. Joseph's Hosp., 219 AD3d 1421, 1422 [internal quotation marks omitted]; see Haddad v Muir, 215 AD3d 641, 642-643). "In opposition to a CPLR 3211 motion, a plaintiff may submit an affidavit in order to remedy defects in the complaint, and the allegations contained therein, like the allegations contained in the complaint, are deemed to be true for the purposes of the motion" (Anderson v Pinn, 185 AD3d 534, 535; see Martino v Panos, 131 AD3d 1137, 1138).
"[E]quitable estoppel will preclude a defendant from using the statute of limitations as a defense where it is the defendant's affirmative wrongdoing . . . which produced the long delay between the accrual of the cause of action and the institution of the legal proceeding" (Putter v North Shore Univ. Hosp., 7 NY3d 548, 552 [internal quotation marks omitted]; see Kamruddin v Desmond, 293 AD2d 714, 714-715). "A plaintiff seeking to apply the doctrine of equitable estoppel must establish that subsequent and specific actions by defendants somehow kept him or her from timely bringing suit" (Putter v North Shore Univ. Hosp., 7 NY3d at 552 [alteration and internal quotation marks omitted]; see Martino v Panos, 131 AD3d at 1138).
Here, the defendants demonstrated, prima facie, that the time in which to commence the action had expired (see CPLR 214-a). The complaint alleged that the plaintiff's surgery and treatment by the defendants occurred in April 2015, and this action was commenced in June 2023, more than eight years later. In opposition, the plaintiff submitted, among other things, the complaint and an affidavit wherein the plaintiff stated that Wong made certain misrepresentations and false assurances that the plaintiff's entire appendix was removed and that those actions prevented him from discovering the malpractice and commencing the action within the applicable limitations period. The allegations in the complaint, along with the statements set forth in the plaintiff's affidavit, were sufficient to warrant the application of the doctrine of equitable estoppel against the defendants (see Simcuski v Saeli, 44 NY2d 442, 448-449; Martino v Panos, 131 AD3d at 1138; Kamruddin v Desmond, 293 AD2d at 714-715).
Accordingly, the Supreme Court should have denied the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint as time-barred.
MILLER, J.P., CHRISTOPHER, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court