Macru v Shorefront Operating, LLC (2025 NY Slip Op 07293)

Macru v Shorefront Operating, LLC

2025 NY Slip Op 07293

Decided on December 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2024-01306

[*1]Robert Macru, etc., respondent,
vShorefront Operating, LLC, etc., appellant.

Lewis Johs Avallone Aviles LLP, Islandia, NY (James P. Connors and Michael J. Del Piano of counsel), for appellant.
Krentsel Guzman Herman LLP (Horn Appellate Group, Brooklyn, NY [Scott T. Horn], of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries and wrongful death, the defendant appeals from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated January 4, 2024. The order, insofar as appealed from, denied that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the cause of action to recover damages for wrongful death, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In or about 2014, Rica Ursu (hereinafter the decedent) was admitted to a nursing facility operated by the defendant. In the beginning of 2020, the decedent allegedly became infected with SARS-CoV-2 and COVID-19 and developed respiratory distress and hypoxia, which resulted in her death on April 17, 2020. On March 8, 2023, the plaintiff, as the proposed administrator of the decedent's estate, commenced this action against the defendant, asserting causes of action alleging a violation of Public Health Law §§ 2801-d and 2803-c, negligence, gross negligence, and wrongful death. The defendant moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint, contending that it was immune from liability under the Emergency or Disaster Treatment Protection Act (EDTPA) (Public Health Law former art 30-D, §§ 3080-3082, repealed by L 2021, ch 96, § 1), Executive Order (A. Cuomo) No. 202.10 (9 NYCRR 8.202.10), and the Public Readiness and Emergency Preparedness Act (PREP Act) (42 USC § 247d-6d et seq.), or, in the alternative, to dismiss the cause of action to recover damages for wrongful death as time-barred. The Supreme Court, among other things, denied that branch of the motion which was pursuant to CPLR 3211(a) to dismiss the complaint. The defendant appeals.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory" (Watts v City of New York, 186 AD3d 1577, 1578; see Leon v Martinez, 84 NY2d 83, 87-88). "If the court considers evidentiary material, the criterion then becomes whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one" (Martinez v NYC Health & Hosps. Corp., 223 AD3d 731, 732 [internal quotation marks omitted]; see Sokol v Leader, 74 AD3d 1180, 1181-1182). "[A]ffidavits submitted by a defendant will almost never warrant dismissal under CPLR 3211 [*2]unless they establish conclusively that [the plaintiff] has no cause of action" (Sokol v Leader, 74 AD3d at 1182 [internal quotation marks omitted]; see TV Tech Mgrs., Inc. v Cohen, 227 AD3d 838, 840).
"A motion pursuant to CPLR 3211(a)(1) to dismiss the complaint on the ground that the action is barred by documentary evidence may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law" (Ripa v Petrosyants, 203 AD3d 770, 772 [internal quotation marks omitted]; see Mawere v Landau, 130 AD3d 986, 987).
At the outset of the COVID-19 pandemic the New York State Legislature enacted the EDTPA to "broadly protect[ ] the health care facilities and health care professionals in this state from liability that may result from treatment of individuals with COVID-19 under conditions resulting from circumstances associated with the public health emergency" (Public Health Law former § 3080; see Mera v New York City Health & Hosps. Corp., 220 AD3d 668, 669). As relevant here, the EDTPA initially provided, with certain exceptions, immunity from liability, civil or criminal, for damages allegedly sustained "as a result of an act or omission in the course of providing health care services," if three requirements for immunity were satisfied, i.e., "(a) the health care facility or health care professional is arranging for or providing health care services pursuant to a COVID-19 emergency rule or otherwise in accordance with applicable law; (b) the act or omission occurs in the course of arranging for or providing health care services and the treatment of the individual is impacted by the health care facility's or health care professional's decisions or activities in response to or as a result of the COVID-19 outbreak and in support of the state's directives; and (c) the health care facility or health care professional is arranging for or providing health care services in good faith" (Public Health Law former § 3082[1]; see Mera v New York City Health & Hosps. Corp. 220 AD3d at 669).
The complaint alleged that as of February 28, 2023, there were nine confirmed COVID-related deaths at the nursing facility and a presumed death count of 31 residents who died outside of the facility. The complaint further alleged that the defendant failed to have an infection control program, failed to isolate residents, and failed to properly sterilize and store all equipment to prevent the spread of infection, and acted with gross negligence in failing to test patients, residents, and staff. In an affidavit, the defendant's administrator attested to the existence of an infection control program and infection control protocols and to "[s]creening" of staff, visitors, and residents in accordance with written protocols. Although the defendant's administrator set forth that the nursing facility generally was providing health care services in good faith and in accordance with applicable law and/or emergency rules and protocols, the administrator failed to provide specifics as to implementation. Further, many of the assertions of the defendant's administrator were contradicted by the allegations in the complaint, which on a motion to dismiss pursuant to CPLR 3211(a) must be accepted as true.
The repeal of the EDTPA did not apply retroactively (see Damon v Clove Lakes Healthcare & Rehabilitation Ctr., Inc., 228 AD3d 618, 619; Hasan v Terrace Acquisitions II, LLC, 224 AD3d 475, 476). However, the defendant's submissions in support of its motion, including the complaint, the decedent's chart, various policies and procedures, and the affidavit of the defendant's administrator, failed to conclusively establish that the three requirements for immunity were satisfied (see Gonnelly v Newburgh Operations, LLC, 236 AD3d 866; Damon v Clove Lakes Healthcare & Rehabilitation Ctr., Inc., 228 AD3d at 619).
Contrary to the defendant's contention, Executive Order No. 202.10 does not provide an independent basis for immunity warranting dismissal of the complaint (see Holder v Jacob, 231 AD3d 78, 89). Further, the PREP Act (42 USC § 247d-6d[a][1]), which provides broad immunity from "'any claim for loss that has a causal relationship with the administration to or use by an individual of a covered countermeasure, including a causal relationship with the design, development, clinical testing or investigation, manufacture, labeling, distribution, formulation, packaging, marketing, promotion, sale, purchase, donation, dispensing, prescribing, administration, licensing, or use of such countermeasure'" (Kluska v Montefiore St. Luke's Cornwall, 227 AD3d 690, 692, quoting 42 USC 247d-6d[a][2][B]), does not warrant dismissal here, since the defendant's submissions on the motion, including the affidavit of the defendant's administrator, failed to conclusively demonstrate that the decedent's injuries arose from an approved countermeasure or a [*3]decision not to apply a countermeasure (see id.; Martin v Petersen Health Operations, LLC, 37 F4th 1210, 1213-1214 [7th Cir]; cf. Maney v Brown, 91 F4th 1296 [9th Cir]).
Accordingly, the defendant was not entitled to dismissal of the complaint pursuant to CPLR 3211(a)(1) and (7) on the ground that it was immune from liability under the EDTPA, Executive Order No. 202.10, or the PREP Act.
However, the cause of action to recover damages for wrongful death should have been dismissed as time-barred. The plaintiff commenced this action on March 8, 2023, and in the complaint alleged that the decedent died on April 17, 2020. Thus, the defendant satisfied its initial burden of demonstrating that the action was commenced outside of the statutory limitations period of two years for a wrongful death cause of action (see EPTL 5-4.1; Lastella v St. Joseph's Hosp., 219 AD3d 1421, 1423). In opposition, the plaintiff failed to raise a question of fact. A series of executive orders during the COVID-19 pandemic tolled filing deadlines applicable to litigation in the New York courts until November 3, 2020. However, this action was commenced more than two years after that date (see Lastella v St. Joseph's Hosp., 219 AD3d at 1423). Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the cause of action to recover damages for wrongful death.
BARROS, J.P., IANNACCI, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court